In the Matter of the last Will of TIMOTHY JACKMAN. Second Appeal.

*Costs in case of contested will. Discretion of court.*

1. The *discretion* allowed the county or circuit court in awarding costs, by sec. 36, ch. 117, R. S., relates only to the *party* by whom they shall be paid, and whether *out of the estate* which is the subject of controversy.
2. The *amount* of the costs, in such a case, is to be determined by the general provisions of law on that subject.

APPEAL from the Circuit Court for *Rock* County. After the circuit court had rendered judgment in favor of the contestant of the will in this case, it made an order, on motion of said contestant, directing the special administrators (who had been appointed by the county court to take charge of the estate pending the litigation) to pay the contestant, from the moneys of the estate, the sum of $113.23, " for his necessary disbursements made and expended " in the matter of said estate, and also the further sum of $2,000, " for attorney's fees in such matter." From this order the proponents of the will appealed.

*J. A. Sleeper, John R. Bennett* and *J. B. Cassoday,* for appellants, argued that the right to costs depends wholly upon the statute (3 Denio, 174), and that the only discretion of the court, under sec. 36, ch. 117, R. S., is to determine to which party (if either) the statutory costs shall be awarded. As to the New

York practice, they cited *Devin v. Patchin*, 26 N. Y. 441, 448; *Lee v. Lee*, 39 Barb. 172; *Burtis v. Dodge*, 1 Barb. Ch. 78.

*L. F. Patten* and *John Winans, contra.* (No brief on file.)

PAINE, J.   The judgment of the circuit court, declaring the invalidity of the will in this case, having been reversed on appeal by this court, this order, which was subsequently made for the payment of the costs and disbursements of the contestant by the special administrator, should also be reversed, as its only foundation was the judgment, and the costs should abide the event.

But, independent of this ground for reversal, the order is improper in itself.   It directs the sum of two thousand dollars to be paid to the contestant, out of the estate, as attorneys' fees.   We do not think there is any statute authorizing such an allowance.   Section 36 of chapter 117, R. S., did not design to give the court an unlimited discretion as to the amount of costs to be awarded, but the discretion there mentioned is applicable only to the question for and against whom costs shall be awarded at all, and whether to be paid by the parties personally or out of the estate.   The latter power would be appropriate in those cases where questions are contested in good faith, and with probable cause, by executors, administrators or guardians, and, the decision being against them, they might be liable personally for costs unless the court had power to require them to be paid out of the estate.   It is in determining these questions that the discretion is to be exercised.

But the costs to be awarded are only such as are authorized by the statute relating to costs in other cases, so far as the same may be applicable to cases of this character.   The appellants cite *Lee v. Lee*, 39 Barb. 172, and *Devin v. Patchin*, 26 N. Y. 441, upon

this point. Those cases are not conclusive, for the reason that their statute contained an express provision requiring the costs allowed by the surrogate to be taxed at the common pleas rates. But still, without any such provision, we think our statute, in granting the power to award costs, referred to such costs as were provided for in the general statute upon that subject, and did not grant any unlimited legislative control over the matter such as would seem to be necessary to sustain this order.

*By the Court.*—The order is reversed, and the cause remanded.