[L. A. No. 327. In Bank.—March 28, 1898.]

In the Matter of the Estate of MARCUS L. OLMSTEAD, Deceased. ALBERT M. OLMSTEAD et al., Appellants, v. C. A. BUSS et al., Respondents.

ESTATES OF DECEASED PERSONS—WILL—COSTS—ATTORNEYS' FEES.—Upon the successful contest of the probate of the will of a deceased person, although no executor or administrator was appointed, the court has discretionary authority under section 1720 of the Code of Civil Procedure to order costs to be paid by any party to the proceedings, or

out of the assets of the estate, as justice may require; but attorney's fees are not in any proper sense a part of the costs, and the court has no authority under that section, or independently thereof, to make attorney's fees, in such case, payable out of the assets of the estate.

ID.—COSTS.—The provisions of the Code of Civil Procedure in relation to costs in general have no application to probate proceedings, the costs in which are regulated by section 1720 of that code, which must prevail, as being a later special enactment, in relation to costs in such proceedings.

ID.—SUPERIOR COURT.—The superior court, acting in probate proceedings, obtains its authority to award costs from the statute, and not by virtue of its general probate jurisdiction.

APPEAL from an order of the Superior Court of San Diego County, allowing attorneys' fees out of the estate of a deceased person. George Puterbaugh, Judge.

The facts are stated in the opinion.

Haines & Ward, for Appellants.

Parrish & Mossholder, for Respondents.

SEARLS, C.—C. A. Buss filed a petition in the superior court in and for the county of San Diego for the probate of the alleged last will of Marcus L. Olmstead, deceased.

The appellants herein filed their opposition to the probate thereof, to which opposition the respondents herein filed their answer. A trial of the issue was had, and upon the evidence adduced the court found, in substance, among other things: 1. That the will was duly executed by said Marcus L. Olmstead; 2. That after the execution thereof said Marcus L. Olmstead did cancel and revoke the said will; 3. That the respondents, C. A. Buss, S. C. Buss, E. F. Buss, and Martha Buss, made application for the probate of the will in good faith, and the evidence adduced at the trial satisfies the court that they had reasonable grounds for their application and contention for the probate of said will.

That they employed the firm of Parrish & Mossholder, attorneys at law, to represent them in their application for the probate of said will, and agreed to pay them five hundred dollars for their services in said court.

That the trial and argument of said cause took more than three weeks' time; that said attorneys gave to said cause their constant and careful attention throughout the trial of said contest, and that five hundred dollars is a reasonable fee for services so rendered by said attorneys.

By the judgment of the court the will was rejected and denied probate, etc., that the proponents and respondents herein were adjudged to have and recover out of the estate of said Marcus L. Olmstead, to be paid in due course of administration, the sum of five hundred dollars as their attorneys' fees incurred in the application to probate said will and in resisting the contest thereto, and their costs in the sum of seventy dollars and fifty cents, to be paid in like manner. The costs of the contestants and appellants herein, amounting to seventy dollars and fifty cents, were adjudged to be paid in like manner, and the application of appellants for judgment against respondents for their costs in said sum of seventy dollars and fifty cents was denied by the court.

Contestants appeal from so much of the judgment as awards counsel fees and costs to respondents to be paid out of the estate, and denies costs of appellants against said respondents.

The cause comes up on the judgment-roll, without any statement or bill of exceptions.

We think it manifest from the findings that the items of attorneys' fees and costs were properly allowed by the court below, payable out of the estate, provided the court had authority in its discretion so to do. In other words, the discretion being conceded, there was no abuse thereof. The points made by appellants for reversal are: 1. As no executor or administrator had been appointed, the estate had no representative, and hence the court had no jurisdiction to bind it by the award of costs or attorneys' fees; 2. That the court had no authority to award attorneys' fees as part of the costs; 3. That as appellants were plaintiffs in the case and prevailed at the trial, they were entitled, under section 1022 of the Code of Civil Procedure, to their costs against the respondents here who were defendants in the contest. In support of the proposition that the court had no power to award costs and attorneys fees against an estate having

CXX. CAL.—29

no representative, counsel for appellants refer us to the case of the last will of Jackman. (*Will of Jackman*, 26 Wis. 143.)

In that case the circuit court had rendered judgment in favor of the contestant of a will, and had made an order on a special administrator (who had been appointed by the county court to take charge of the estate pending the litigation) to pay the contestant, from the moneys of the estate, the sum of one hundred and thirteen dollars and twenty-three cents "for his necessary disbursements made and expended in the matter of said estate," and also the further sum of two thousand dollars "for attorney's fees in such matter."

The appeal was from this order, and the supreme court held: 1. That as the judgment of the circuit court declaring the will invalid had been reversed, this order which was predicated upon it should also be reversed; 2. That independent of this cause for reversal the order was improper; that there was no authority under the Wisconsin statute (Rev. Stats. 1858, c. 117, sec. 36) to authorize such allowance.

That the statute did not give an unlimited discretion as to the amount of costs to be awarded. That the discretion conferred upon the court related to the persons for and against whom the costs were to be allowed, and whether to be paid by the parties or the estate. That the amount of the costs to be allowed were only such as were authorized by the statute relating to costs in other cases, etc.

In short, the court below seemed to have allowed a lump sum as costs, which action was deemed improper. The right of the court to award costs against the estate was not assailed. Indeed, the case holds expressly that it is proper to award costs against the estate where "questions are contested in good faith and with probable cause."

The later case of *Matter of Downie's Will*, 42 Wis. 66, in the same state, is more nearly in point. In that case there was not, so far as appears, any representative of the estate. The will was denied probate in the county court, an appeal taken to the circuit court by a legatee thereunder, where the order was reversed and the will admitted to probate.

On appeal to the supreme court, the judgment of the circuit court was reversed and that of the probate court affirmed, with

an order that the costs be paid out of the estate, on the grounds that the "legatees and executor had probable cause for endeavoring to establish the instrument as a will, and have acted in good faith."

The jurisdiction of the superior court to entertain applications for the probate of wills, and to admit them to probate, or in proper cases to deny such probate, is not disputed.

"Any executor, devisee, or legatee named in any will, or any other person interested in the estate, may, at any time after the death of the testator," petition the court having jurisdiction to have the will proved. (Code Civ. Proc., sec. 1299.)

C. A. Buss was named in the reputed will as an executor and legatee under the will, and hence was a proper party to the petition. Any person interested in the estate may appear and contest the will. The contestants were heirs at law of Marcus L. Olmstead, and were therefore proper contestants.

The proceedings for the probate of a will are antecedent and necessary to the appointment by the court of a representative to administer the will or the estate. Until this question is determined, the parties in interest in such estate are in some respects authorized to represent the estate. They direct and conduct proceedings which may or may not determine the manner of its distribution, and thus affect vitally the estate itself. The power to determine these vital questions rests in the courts.

Costs and expenses are a necessary incident of the exercise of these powers. Such costs and expenses are necessary to the welfare of the estate and of those interested in it.

We are not now discussing the question as to whether the statute in fact confers authority upon the court to allow costs and counsel fees out of the estate. That question is involved in appellants' second contention. The proposition here is, that there can be no valid order to bind the estate with no representative in court. The estate of a deceased person is liable for the funeral expenses of the deceased.

True, the claim for such expenses is to be presented for allowance to the executor or administrator, but we do not doubt but that the legislature in its wisdom might have provided that this and all other claims against the estate should be presented to the judge in probate for allowance either before or after the

appointment of an administrator or executor, and that in such a case the judge would stand between the estate and its creditors precisely as does the representative thereof.

As our law now stands, the judge must approve claims before they are established as such against the estate, or they must be established by an action at law.

We find nothing in the mere fact that no administrator had been appointed to militate against the validity of the allowance, and are of opinion that if authorized so to do the allowance of the cost bill and attorneys' fees against the estate was valid and binding, notwithstanding there was no administrator at the date thereof.

Does our law authorize the court to award costs and attorneys' fees against the estate in a case like the present?

That the court had authority in its discretion to require the costs to be paid out of the estate there can be no rational doubt. Section 1720 of the Code of Civil Procedure provides as follows: "When it is not otherwise prescribed in this title (title XI of part 3), the superior court, or the supreme court on appeal, may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may re-quire."

Title XI, in which the foregoing section is found, treats "of proceedings in probate court," and there is not within the title any other provision relating to costs in cases of the probate of wills, or contests relating thereto before probate is had.

There is a provision (section 1332) in the same title under which, in cases of the contest of wills after probate, the contestant must pay "the fees and expenses" if the will in probate is con-firmed, and if the probate is revoked the costs must be paid by the party who resisted the revocation, or out of the estate, as the court directs. This provision does not apply to cases of contests upon the probate of the will.

Section 1021 and the following sections providing for costs generally have no application here, for the reason that section 1720 is a provision relating to proceedings in probate passed in 1880, long after the adoption of the general provisions in section 1021 and the following sections, and being the later statute must prevail in the proceedings to which it relates.

It follows that the sum of seventy dollars and fifty cents taxed as costs for each of the parties, plaintiffs and defendants, and made payable out of the assets of the estate, was properly allowed.

By far the more difficult question relates to the allowance to the respondents of the sum of five hundred dollars as an attorney's fee.

In *Henry v. Superior Court*, 93 Cal. 569, it was said: "The superior court, acting in probate proceedings, obtains its authority to award costs from the statute, and not by virtue of its general probate jurisdiction."

The court in that case (which was an application for costs and attorneys' fees out of the assets of the estate before a trial) did not decide whether attorneys' fees could be recovered, but said: "Even if it be conceded that counsel fees for services rendered the executor in probating the will may be regarded as 'costs' within the meaning of section 1720, we do not think they can be allowed except as an incident to some judgment or order of the court."

The conclusion reached was that, until the will was admitted to probate, or probate thereof was denied, the court had no power to aid either the proponent or contestant. (Citing *Estate of Marrey*, 65 Cal. 287; *Estate of Parsons*, 65 Cal. 240; *Estate of Jessup*, 80 Cal. 625.)

The general rule is, that counsel fees are not recoverable by the successful party in an action at law or in equity (*Williams v. McDougall*, 39 Cal. 85; *Salmina v. Juri*, 96 Cal. 418), except where expressly allowed by statute. (*Miller v. Kehoe*, 107 Cal. 340; *Bates v. Santa Barbara Co.*, 90 Cal. 543.)

Courts of equity will, in proper cases and where justice requires it, allow attorneys' fees as part of the relief granted. (*Alemany v. Wensinger*, 40 Cal. 288; *Wickersham v. Crittenden*, 103 Cal. 584; *Miller v. Kehoe, supra.*)

But this is not an equity case. It is simply a statutory proceeding in which the provisions of the statute form the boundaries of the rights of the court. It is a case in which the matter of costs, and whether they are to be paid by the parties or out of the assets of the estate, is confided to the discretion of the trial court.

But this discretion is to be exercised in determining by whom or out of what fund the costs are to be paid, and does not extend to determining that costs include something other and different from what the term implies. Attorneys fees are not in any proper sense a part of the costs in a case.

"The measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties." (Code Civ. Proc., sec. 1021.)

The legislature has in certain enumerated cases provided for the recovery of attorneys' fees. Had it intended that they should be recovered in instances like the present, we may reasonably infer the statute would have so declared.

In the matter of the settlement of the accounts of executors and administrators, ample provision is made for the payment of attorneys' fees. (Code Civ. Proc., sec. 1616.)

We do not understand that this court in *Henry v. Superior Court*, 93 Cal. 569, held that attorneys' fees could be awarded in a case like this but only that, as was said by the court: "Even if it be conceded that counsel fees for services rendered the executor in the probating the will may be regarded as 'costs' within the meaning of section 1720," etc., that they could not be allowed until judgment, etc.

We are of opinion that counsel fees are not allowable under section 1720 of the Code of Civil Procedure, and, as we find no other provisions under which the allowance can be upheld, we recommend that the cause be remanded with directions to the court below to modify the judgment by striking out the sum of five hundred dollars allowed to respondents as their attorneys' fees; that the judgment in all other respects be affirmed, and that each of the parties to this appeal pay their own costs.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the cause is remanded, with directions to the court below to modify the judgment by striking out the sum of five hundred dollars allowed to respondents as their attorneys' fees; that the judgment in all other respects is affirmed and that each of the parties to this appeal pay their own costs.

McFarland, J., Henshaw, J., Van Fleet, J., Garoutte, J.

HARRISON, J., and TEMPLE, J.—We dissent. Until the estate should have a representative authorized to contest the amount of costs incurred in the contest the court had no power to order them paid out of the estate.