[Civ. No. 8154. Second Appellate District, Division Two.—February 25, 1932.]

In the Matter of the Estate of DELLA S. ARNOLD, Deceased. CITIZENS NATIONAL TRUST & SAVINGS BANK OF LOS ANGELES (a Corporation), Respondent, v. FIRST TRUST & SAVINGS BANK OF PASADENA (a Corporation), Executor, etc., Appellant.

Morin, Newell, Brown & Hamill for Appellant.

Janeway, Beach & Hankey for Respondent.

FRICKE, J., *pro tem.*—The deceased, Della S. Arnold, died on August 25, 1930, and on the same day her brother found in a drawer of deceased's desk a will she had made in 1926, with the last page, which had borne her signature, missing. A carbon copy of the will was found in her safe deposit box and there was also a copy thereof on file with the Citizens National Trust & Savings Bank of Los Angeles, which was named in the will as executor. This bank petitioned the superior court for probate of the will on the theory that the original was merely a missing instrument. A trial of the contest resulted in the court refusing to admit the will to probate, and letters of administration were issued to the First Trust & Savings Bank of Pasadena. A few weeks later the Citizens National Trust & Savings Bank, respondent herein, petitioned the court for allowance to it of $91.75 for costs and disbursements and $1,000 for attorney's fees incurred by it in the proceedings whereby it was sought to admit the alleged last will to probate. After hearing the issues raised by the answer to the petition the court made an order allowing to respondent out of the funds of the estate the sum of $70 for costs and disbursements and $500 for attorneys' fees. The executor appealed from this order, appellant, however, conceding the propriety of the allowance of the $70 item of costs.

This appeal directly presents the question as to whether an unsuccessful proponent of a will who has been therein nominated as the executor, admission to probate having been denied because of evidence whereby the court found that the will had been revoked by the testator, may be allowed to recover attorney's fees incurred in proposing the will and the contest which ensued. Respondent relies

upon section 1720 of the Code of Civil Procedure, which provides that "When it is not otherwise prescribed in this title, the superior court, or the supreme court on appeal, may in its discretion order *costs* [italics ours] to be paid by any party to the proceeding, or out of the estate, as justice may require," as giving authority to the court to make such an allowance. Appellant contends that the word "costs" in the section does not include attorney's fees.

In the almost parallel case of *Estate of Olmstead,* 120 Cal. 447 [52 Pac. 804, 806], a will was refused admission to probate because of its revocation, and the court allowed to proponents their costs, in the sum of $70.50, and $500 for attorneys' fees incurred in the endeavor to probate the will, to be paid in the due course of administration. Except for the addition of the last sentence, which does not affect the question under discussion, section 1720 of the Code of Civil Procedure as it existed at the time of the proceedings in the case at bar is identical with the language of that enactment at the time of the decision in the Olmstead case. After calling attention to the fact that section 1720 is the only provision under which an order such as that before the court for review might, if at all, be authorized, the court held that the item of $70.50 for costs was properly allowed, but ruled that "attorneys' fees are not in any proper sense a part of the costs in a case. . . . The legislature has in certain enumerated cases provided for the recovery of attorneys' fees. Had it intended that they should be recovered in instances like the present, we may reasonably infer the statute would have so declared. . . . We are of the opinion that counsel fees are not allowable under section 1720 of the Code of Civil Procedure." (See, also, note, 10 A. L. R. 795.)

The *Estate of Berthol,* 163 Cal. 343 [125 Pac. 750], cited by respondent, is not applicable to the case at bar. The order there appealed from was merely one allowing expenditures to an unsuccessful proponent, and the question was not disposed of upon its merits. The court there held that the trial judge had no discretion to allow the expenditures, because the controversy had not been determined at the time the order was made. Neither is the case of *Estate of Jones,* 166 Cal. 147 [135 Pac. 293], applicable here. There the will had been admitted to probate and the executor was

seeking the payment of counsel fees incurred in an unsuccessful defense of a contest sustained upon the grounds of fraud and undue influence practiced by the executor and unsoundness of mind of the testator. The allowance of attorneys' fees was held to be, in view of the bad faith and fraud of the executor, an abuse of discretion, and the case further holds that the trial court could not properly make such an order while an appeal from the judgment on the contest was pending. The question as to the right of the court to allow attorney's fees as here involved was not presented to or passed upon by the Supreme Court in either of these cases.

██ Respondent argues that attorney's fees should be allowed in a case such as this because it was the duty of the executor named in the instrument to offer the will for probate and to oppose the contest, since if counsel fees were not allowable such an executor would be afraid to do so for fear of having to personally pay such fees. No authority is cited that such a duty exists. While the Code of Civil Procedure provides that a nominated executor who is custodian of a will must deliver the same to the superior court having jurisdiction of the estate (sec. 1298), and that an executor, devisee or legatee named therein *may* petition to have the will proved, the only effect of a failure of a nominated executor to petition for probate of the will is the renunciation of his right to letters testamentary (sec. 1301). ██ Where such an executor, having offered the will for probate, is met with a contest, he may adopt one of two alternatives: He may assume the burden of resisting the contest or may cast it upon those who would be benefited by the probate of the will. (*Dodd* v. *Anderson,* 197 N. Y. 466 [18 Ann. Cas. 738, 27 L. R. A. (N. S.) 336, 90 N. E. 1137].) If he chooses the former and is unsuccessful, he does so in the light of the absence of statutory authority for the allowance of the attorney's fees out of the assets of the estate and the rule of *Estate of Olmstead, supra.*

The order allowing costs and attorney's fees is modified by striking therefrom that portion allowing attorney's fees to the respondent out of the funds of the estate and directing the administrator to pay the same, and as so modified it is affirmed.

Works, P. J., and Craig, J., concurred.