[Civ. No. 9322. Second Appellate District, Division One.—February 16, 1935.]

In the Matter of the Estate of JOHN ERICKSON, Deceased. FRITHIOF ALBIN JANSSON et al., Respondents, v. JENNY H. MONTEN, as Executrix, etc., Appellant.

Charles C. Montgomery, Leonard B. Slosson and Julius C. Kayser for Appellant.

Oscar W. Houge and Roscoe R. Hess for Respondents.

CONREY, P. J.—This was a contest after probate of the will of decedent. On appeal from a judgment setting aside and revoking the probate of the will, the judgment was reversed by this court, which in its decision made no order concerning costs. Following the general rule concerning costs on appeal (Rule XXIII of the Rules of this court), the clerk inserted in the *remittitur* a direction that appellant recover costs on appeal. Respondents now move for an order recalling the *remittitur,* and for issuance of a corrected *remittitur* omitting the words ''appellant to recover costs on appeal''.

■ It has been held that by reason of the fact that the subject of costs in probate proceedings is specially provided for, the general rules concerning costs as set forth in section 1021 et seq. of the Code of Civil Procedure do not apply to probate proceedings (*Estate of Olmstead,* 120 Cal. 447, 452 [52 Pac. 804]). For like reasons the general Rule XXIII should not apply in this case. The decision in *Estate of Johnson,* 200 Cal. 307 [252 Pac. 1052], deals with the same subject, except that there the contest was before probate, whereas the present contest was after probate. The court in dealing with the motion to recall the *remittitur* held that, as the court in its decision had not exercised its discretion in awarding costs, the provision awarding costs on said appeal was improperly incorporated in the *remittitur.*

The Probate Code, section 1232, in the article on rules of procedure says: ''When not otherwise prescribed by this code, either the superior court or the court on appeal, may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require.'' And section 383, in the article on contests after probate, says: ''If the probate is not revoked, the costs of trial must be paid by the contestant. If the probate is revoked, the costs must be paid by the party who resisted the revocation or out of the property of the decedent, as the court directs.'' ■ We are of the opinion that the *remittitur* issued in this case should not have contained the

direction as to costs. In its decision in the *Estate of Johnson, supra,* the Supreme Court said: "As this court has lost jurisdiction of the former appeal, we may not now exercise any discretionary power in awarding costs therein. An appropriate order may, however, be made by the trial court with reference to the costs on the former appeal in the exercise of its discretion under said section 1720." The reference was to section 1720 of the Code of Civil Procedure, which was in substance the same as the present section 1232 of the Probate Code.

The motion is therefore granted, and it is ordered that the *remittitur* issued herein by the clerk of this court on October 30, 1934, be recalled and that a corrected *remittitur* be issued in its place *nunc pro tunc,* omitting the words "appellant to recover costs on appeal".

York, J., concurred.

Houser, J., deeming himself disqualified, took no part in the decision.