*Supp. 755
 
 WILSON, J.,
 
 pro tem.
 

 Plaintiff has appealed from a judgment of the municipal court rendered in proceedings had pursuant to section 689 of the Code of Civil Procedure. The section provides that when property levied upon is claimed by a third person as his property a verified written claim shall be filed setting out his title and right to the possession thereof, whereupon a hearing shall be granted by the court, notice of which hearing shall be given to all parties claiming an interest in the property, .the notice to specify that the hearing is for the purpose of determining the title to the property in question. The verified third party claim is treated as a pleading, and all parties in interest are permitted to introduce evidence.
 

 On April 16 and 17, 1936, plaintiff caused attachments to be levied by the marshal of the said court upon defendant’s salary amounting to $215. Defendant filed his petition in bankruptcy on April 27, 1936, and on the same day was adjudicated a bankrupt. Subsequently Ignatius F. Parker was designated as trustee of the bankrupt’s estate, whereupon he filed with the marshal a third party claim for the fund held under attachment. Time for hearing the same was fixed, notice thereof was given, and after a trial of the issues raised by the said claim the court adjudged that the title to the money was vested in the trustee in bankruptcy. From this judgment plaintiff has appealed. Appellant argues that the municipal court was without jurisdiction to determine, under the provisions of the said section 689, whether or not the defendant was insolvent upon the dates of the levies, because, says the appellant, proceedings under the said section are summary in aid of attachment or execution, and the validity of the lien and the solvency or the insolvency of the defendant must be determined in a plenary proceeding.
 

 The proceeding now under review is a special proceeding, and, from the viewpoint of the creditor, if from none other, is in aid of attachment or execution
 
 (Misrach
 
 v.
 
 Liederman,
 
 (1936) 14 Cal. App. (2d) (Supp.) 757 [58 Pac. (2d) 746]), and is treated as a summary proceeding.
 
 (Spiegelman
 
 v.
 
 Bowlus,
 
 (1936) 15 Cal. App. (2d) (Supp.) 765 [59 Pac. (2d) 225].) There is no rule, as contended by appellant, that the trustee’s claim here cannot be determined in a summary proceeding. A summary proceeding,
 
 *Supp. 756
 
 such as is now under consideration, in which all parties in interest are before a court of proper jurisdiction, is quite different from a summary proceeding in the bankruptcy court. See
 
 Harrison
 
 v.
 
 Chamberlin,
 
 (1926) 271 U. S. 191, 193 [46 Sup. Ct. 467, 70 L. Ed. 897, 899] ; also,
 
 TaubelScott-Kitzmiller Co.
 
 v.
 
 Fox,
 
 (1924) 264 U. S. 426, 430, 438 [44 Sup. Ct. 396, 68 L. Ed. 770, 773, 777], wherein the term “plenary suit” is used merely by way of distinction from. a summary proceeding
 
 in the bankruptcy court.
 
 A plenary suit may be either in a federal court having jurisdiction or in a state court. If the same is in a state court it may be any character of suit or proceeding that is prescribed by the law of the state for litigating the question at issue, provided the same requires notice and gives full opportunity for hearing, so as to meet the demands of due process of law. The distinction between a plenary suit and a summary proceeding is important only in the court in which the bankruptcy proceeding is pending, and even in that court a proceeding is treated as plenary if the claimant has a full opportunity to be heard and to present his evidence.
 
 (Central Republic Bank & Trust Co.
 
 v.
 
 Caldwell,
 
 (1932) 58 Fed. (2d) 721, 731, 732.)
 

 . There is conflict in the federal court decisions as to the power of the bankruptcy court, by a summary order, to require state officers and others claiming possession of property adversely to the claim of the trustee in bankruptcy to deliver property to the trustee upon proper demand. Such confusion as has existed has been dissolved by the United States Supreme Court in
 
 Taubel etc.
 
 v.
 
 Fox, supra.
 
 In that case it is held that if the bankruptcy court does not have possession of the property, and if the judgment creditor does not consent to the adjudication in bankruptcy of the defendant and does not admit the latter’s insolvency, a judicial question is presented which cannot be determined in a summary proceeding, but that the trustee is required to resort to a plenary action. See, also,
 
 Harrison
 
 v.
 
 Chamberlin, supra.
 
 In the Taubel case, as in the instant case, the bankruptcy court did not have possession of the property, but at the time of and after the adjudication in bankruptcy the same was in the exclusive possession and control of the sheriff (or marshal) by virtue of the levy by him in proceedings in the state
 
 court;
 
 neither the judgment creditor
 
 *Supp. 757
 
 nor the sheriff was a party to the bankruptcy proceedings, neither admitted the insolvency of the alleged bankrupt, and neither of them consented to the adjudication of the adverse claim by the bankruptcy court. The latter court was therefore without jurisdiction over the controversy in a summary proceeding.
 

 The trustee here could not have brought a plenary action in the federal court because the amount was not within the jurisdiction of that court. Even though he might have commenced an action in a court of proper jurisdiction against the marshal to recover the moneys held by the latter belonging to the defendant (the bankrupt), he was not required so to do, but he had the option to pursue the remedy given by section 689 of the Code of Civil Procedure.
 

 Section 67(f) of the Bankruptcy Act, 11 U. S. C. A., sec. 107 (f), declares that “all levies, judgments, attachments, or other liens, obtained through legal proceedings against á person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt". If the defendant in this action was not insolvent at the date of the levy, the attachment is superior to the trustee’s claim, but if he was insolvent the trustee’s title is made paramount by the terms of the Bankruptcy Act. Four elements must be present in order that property be brought within the provisions of this section: (1) There must be an attachment (or other lien), (2) which must have been obtained through legal proceedings, (3) against a person who is insolvent, (4) within-four months prior to the filing of the petition in bankruptcy. Each element presents an issue of fact to be determined upon the evidence. Here, the first, second, and fourth elements were admitted, leaving only the third for contest. Therefore, the solvency or the insolvency of the defendant at the dates upon which the writ of attachment was levied was a question of fact without the determination of which the rights of the parties to this proceeding could not be adjudicated. The trial court was vested with juris
 
 *Supp. 758
 
 diction to determine that as well as any other fact affecting the title and interests of the respective claimants.
 

 Here the respondent trustee, by means of the procedure provided by law, has brought before the proper court by due notice all parties having an interest in the money under attachment, thus giving the court jurisdiction to adjudicate all questions relating to the title to the money.
 

 The evidence sustains the implied finding upon the only contested question, to wit, that the defendant was insolvent when the attachment was levied.
 

 The judgment is affirmed, respondent to recover his costs of appeal.
 

 Shaw, P. J., and Schauer, J., concurred.