[Civ. No. 13448. Second Dist., Div. Two. June 8, 1942.]

EXCHANGE NATIONAL BANK OF TULSA (a Banking Corporation), Respondent, v. G. M. RANSOM, Defendant; GRACE CARVER RANSOM, Third Party Claimant and Appellant.

Meserve, Mumper & Hughes and Lewis T. Gardiner for Appellant.

Mathes & Sheppard, Wm. C. Mathes and Gordon F. Hampton for Respondent.

STEPHENS (Jess E.), J. pro tem.—This is an appeal from a portion of a judgment after hearing on a third party claim. The appeal is "from the particular portion of said judgment which orders and decrees that each party to said proceeding pay its own costs therein incurred."

Pursuant to writ of execution issued upon a judgment secured by respondent against G. M. Ransom, the sheriff levied upon and seized the contents of a safe deposit box consisting principally of a number of cashier's checks and American Express travelers' checks. Grace Carver Ransom filed a third party claim, asserting her title thereto, and demanded a hearing pursuant to Code of Civil Procedure, section 689. Following such hearing the trial court determined that all of said property was the sole and separate property of said Grace Carver Ransom except one cashier's check in the sum of $225, which latter was ordered delivered to the judgment creditor pursuant to the writ. The judgment further provided: "each party to pay its and their costs herein incurred."

Appellant (third party claimant) contends that, being the successful party in the proceeding, she is entitled to her costs as a matter of course, and that by virtue of section 689 of the Code of Civil Procedure she is entitled to counsel fees as well.

Section 689 of the Code of Civil Procedure provides a complete procedure for the filing of a third party claim if personal property is levied upon, for hearing in the court in which the action is pending or from which the writ issued for the purpose of determining title to the property in question, and for the type of judgment to be rendered, no findings being required. It further provides for immediate release of the property upon the filing of such claim unless the person in whose favor the writ runs files with the officer holding the property an undertaking in a sum equal to double the value of the property levied upon. In this connection the section provides that "Such undertaking shall be made in favor of and shall indemnify such third person against loss, liability, dam-

ages, costs and counsel fees, by reason of such seizing, taking, withholding or sale of such property by such officer.'' The section contains no other reference to costs or counsel fees. We must, therefore, look to the general provision governing the allowance of costs, to wit, section 1032 of the Code of Civil Procedure. The portion of this section which it is necessary to consider herein provides as follows: ''In the superior court, except as otherwise expressly provided, costs are allowed of course: (a) To plaintiff upon a judgment in his favor . . . in an action to recover the possession of personal property; . . . in a special proceeding; . . . (c) In other actions than those mentioned in this section, costs may be allowed or not, and, if allowed, may be apportioned between the parties, on the same or adverse sides, in the discretion of the court. . . .''

The right to recover costs exists solely by virtue of statute. (*Estate of Johnson,* 198 Cal. 469 [245 Pac. 1089]; *Sime* v. *Hunter,* 55 Cal. App. 157, 159 [202 Pac. 967].) Respondent contends that this was a ''divided judgment'' (appellant was successful in recovering twelve items of property aggregating $640 in value, and unsuccessful as to one item of the value of $225), and that therefore neither party can be said to be the prevailing party within the meaning of the statute. We do not agree with this contention. Appellant has a right to have every item of her personal property freed from seizure for another's debt. The person causing such seizure does so at his peril. If appellant successfully maintains that one article of her own property has been so seized she has prevailed. The fact that one or more articles were properly seized does not change the situation.

Respondent next contends that this is not ''an action to recover possession of personal property'' but a proceeding to try title thereto. There may be some force to this argument, although it might be urged that the determination of title involves the right to possession in the absence of any special possessory right, such as a lien. However, we believe that at least so far as appellant is concerned this proceeding under section 689 of the Code of Civil Procedure is a special proceeding within the meaning of section 1032 of that code. (*Van Denburgh* v. *Goodfellow,* 19 Cal. (2d) 217, 225 [120 P. (2d) 20]; *Misrach* v. *Liederman,* 14 Cal. App. (Supp.) (2d) 757, 761 [58 P. (2d) 746]; *Peterson* v. *Groesbeck,* 20 Cal. App. (Supp.) (2d) 753, 755 [64 P. (2d) 495].) Appellant is therefore entitled to her costs as a matter of course.

As to the matter of counsel fees, however, a different situation is presented. Section 1021 of the Code of Civil Procedure provides as follows: ''Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to costs and disbursements, as hereinafter provided.'' The general rule is that attorney's fees are not recoverable except where expressly allowed by statute. (7 Cal. Jur. 286.) Nowhere in section 689 of the Code of Civil Procedure is there any provision concerning counsel fees except the portion hereinabove quoted, relating to the undertaking permitted to be filed by the judgment creditor following the filing of the third party claim. It does not specifically authorize the court in the instant proceeding to make any allowance for such fees. If any basis for the recovery of counsel fees exists it must be found in the undertaking itself. So far as the record before us discloses, the undertaking was never before the trial court, and of course it is not before us. Obviously a judgment predicated upon an undertaking could not be arrived at without such instrument being presented to such court in some manner.

The portion of the judgment appealed from is reversed and the cause is remanded to the trial court to allow appellant her proper costs; appellant to recover her costs on appeal.

Moore, P. J., and McComb, J., concurred.