[Civ. No. 15996.   Second Dist., Div. Three.   Oct. 8, 1947.]

Estate of JOSEPH C. BEVELLE, Deceased.   JEANETTE BEVELLE, Respondent, v. MORRIS SILVER, as Special Administrator, etc., Appellant.

A. Noah Borah for Appellant.

Paul R. Hutchinson for Respondent.

VALLEE, J. pro tem.—Appeal by a beneficiary under the will of Joseph C. Bevelle, deceased, from an order of the probate court instructing a special administrator to pay the costs and attorney's fees of a widow incurred upon her petition for family allowance. The order was made upon a petition by the special administrator asking for instructions.

Jeanette Bevelle, widow of Joseph C. Bevelle, deceased, petitioned the court for a family allowance. She was represented by Attorney Paul R. Hutchinson, Esq. After contest, and on August 13, 1946, the petition was granted. Thereafter, Paul R. Hutchinson, Esq., presented a bill to the special administrator for $200 for services rendered by him as attorney in connection with the petition for family allowance and $2.50 for costs expended in connection therewith. The bill was on the stationery of Paul R. Hutchinson, Esq., and was not verified. It set out the services rendered by him in some detail. Thereafter, the special administrator filed its "PETITION FOR INSTRUCTIONS RE CLAIM FOR ATTORNEY'S FEES AND COSTS IN RE SERVICES RENDERED RE FAMILY ALLOWANCE," in which it set forth the facts above recited, stating that there was a question whether Probate Code, section 683, included the payment of attorney's fees. After a hearing the court instructed the special administrator that the claim for attorney's fees and costs in the amount of $202.50, incurred by the widow, should be and was declared to be a cost for obtaining the family allowance and an expense of administration, and ordered that the widow have judgment against the estate for the sum of $202.50, as an expense of administration to be paid in the course of administration.

The sole question upon this appeal is whether the allowance of $200 for attorney's fees was proper. No objection is made to the allowance of the $2.50 costs.

Probate Code section 683 provides: "The costs of all proceedings provided for in this chapter must be paid by the

estate as expenses of administration." The section is in chapter XI, treating of, among other matters, "Family Allowance."

The general rule is that attorney's fees are not recoverable as costs except where expressly allowed by statute or agreed to by express contract. (*Pacific Gas & Elec. Co.* v. *Nakano,* 12 Cal.2d 711, 715 [87 P.2d 700, 121 A.L.R. 417; *Kahn* v. *Smith,* 23 Cal.2d 12, 15 [142 P.2d 13]; *Viner* v. *Untrecht,* 26 Cal.2d 261, 272 [150 P.2d 497]; *Bank of America etc. Assn.* v. *Moore,* 18 Cal.App.2d 522, 529 [64 P.2d 460]; *Bank of America* v. *West End etc. Co.,* 37 Cal.App.2d 685, 696 [100 P.2d 318]; *Exchange Nat. Bk.* v. *Ransom,* 52 Cal.App. 2d 544, 547 [126 P.2d 620].) The rule applies in probate proceedings. (*Estate of Olmstead,* 120 Cal. 447 [52 P. 804]; *Estate of Johnson,* 198 Cal. 469 [245 P. 1089]; *Estate of Wallace,* 12 Cal.2d 476 [86 P.2d 95]; *Estate of Marré,* 18 Cal.2d 191 [114 P.2d 591]; *Estate of Gallo,* 71 Cal.App. 352 [235 P. 66].)

The term "costs" means those fees and charges which are required by law to be paid to the courts or some of their officers or the amount of which is expressly fixed by law. (*Blair* v. *Brownstone Oil & Refining Co.,* 20 Cal.App. 316 [128 P. 1022]; *Pezel* v. *Yerex,* 56 Cal.App. 304, 311 [205 P. 475]; *Moss* v. *Underwriters' Report, Inc.,* 12 Cal.2d 266, 274 [83 P.2d 503]; *Estate of McGinn,* 2 Cof. Prob. Dec. 313.)

Where the statute authorizes the allowance of an attorney's fee, the fee is not technically regarded as part of the costs. (*Schallert-Ganahl L. Co.* v. *Neal,* 94 Cal. 192 [29 P. 622].)

Respondent contends that because section 683 of the Probate Code says "the costs *of* all proceedings" as distinguished from "the costs *in* all proceedings," attorney's fees are included in the term "costs" as used in the section. The contention is without merit. "Costs" mean "costs," whether "of" or "in" the proceedings. The well-defined meaning of the term is not enlarged by the use of the preposition "of" rather than "in." Some of the code sections providing for the allowance of costs use "of" (Code Civ. Proc.,' §§ 1031, 1032a, 1032.6; Prob. Code, §§ 383, 580, 1003, 1013, 1105), others use "in" (Code Civ. Proc., §§ 1031, 1033½). However used, the term has never been construed as including attorney's fees. (See *Moss* v. *Underwriters' Report, Inc.,* 12 Cal. 2d 266 [83 P.2d 503], holding that "necessary disbursements," as used in Code of Civil Procedure, section 1033, is to be construed as including only those items coming within the defini-

tion of "costs"; also, *Estate of McGinn,* 2 Cof.Prob.Dec. 313, where it was held that "fees and expenses" did not mean anything more than "costs," where both were used in section 1332 of the Code of Civil Procedure (now Prob. Code, § 383) providing for costs and expenses in a contest of a will after probate.) Whenever an allowance of attorney's fees is authorized to be made by the Probate Code, it is specifically provided for. (See Prob. Code, §§ 703, 716.)

■ In support of the order, respondent relies upon Probate Code, section 1232, which reads: "When not otherwise prescribed by this code *or by rules adopted by the Judicial Council,* either the superior court or the court on appeal, may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require." Section 1232 is in article III of chapter XXII prescribing "Rules of Procedure." This section merely authorizes the court to exercise its discretion in determining by whom and out of what fund the costs are to be paid. It does not change the meaning of the term or authorize the court to include something other and different from what the term implies. (11A Cal.Jur. 246.) It does not purport to empower the court to award attorneys' fees. In *Estate of Olmstead, supra,* 120 Cal. 447, the probate court allowed attorney fees to unsuccessful petitioners for the probate of a will for the services of their attorneys in defending a contest before probate. The Supreme Court said that "Attorneys' fees are not in any proper sense a part of the costs in a case," and held that they were not allowable under section 1720 of the Code of Civil Procedure, now section 1232 of the Probate Code. *In re Bundy,* 44 Cal.App. 466 [186 P. 811], cited by respondent, is not helpful. In that case, attorneys' fees were awarded the petitioner in a proceeding for the appointment of a guardian of the person and estate of an alleged incompetent. The basis of the decision was that in guardianship proceedings "the principles to be applied are quite unlike those in ordinary administration," and that an applicant for letters of guardianship "acts for and on behalf of one who cannot act for himself." In the Bundy case the court said (p. 467): "It is quite true that such fees are not allowed in ordinary probate proceedings when they are incurred for the benefit of the person employing the attorney." Here the fees were incurred for the sole benefit of the person employing the attorney.

■ The contention of respondent that a family allowance is limited to maintaining the family in that station in life to which it was accustomed during the lifetime of the deceased and that, therefore, the widow should be allowed her attorney's fees, is without merit. *Estate of Marré, supra,* 18 Cal.2d 191, was an appeal by a beneficiary of a trust from that portion of an order which denied his petition for an allowance from the trust funds with which to pay the fees of his attorney. The beneficiary had been successful in obtaining an order requiring the trustees of the trust to make payments to him for his support and maintenance (*Estate of Marré,* 18 Cal.2d 184 [114 P.2d 586]). The Supreme Court held (p. 192): "It is suggested that under the facts of this case attorney's fees constitute a necessary expense of the beneficiary and should, therefore, be paid from the trust funds as a portion of the amount due for support and maintenance. The amounts payable, however, are to be determined in the sole judgment of the trustees, and under the facts here presented no ground is shown entitling appellant to an order of the court awarding him attorney's fees." ■ The mere fact that it might appear just and equitable to allow a recovery of attorneys' fees is no justification for such allowance (*Bank of America* v. *West End etc. Co., supra,* 37 Cal.App.2d 685, 696).

It is doubtful whether the $2.50 expended by the widow for items which come within the definition of costs was properly allowed. (See *Estate of Ricaud,* Myr. Prob. Rep. 158, holding that a cost bill must be filed within the statutory period.) Here no cost bill was filed. However, no objection was made to the allowance in the probate court and none is made here.

The order called "JUDGMENT ON PETITION FOR INSTRUCTIONS RE CLAIM FOR ATTORNEY'S FEES AND COSTS IN RE SERVICES RENDERED RE FAMILY ALLOWANCE" is modified by striking therefrom the sum of $200 allowed as attorney's fees. As thus modified, it is affirmed.

Shinn, Acting P. J., and Wood, J., concurred.