[S. F. No. 4569. Department One.—November 12, 1907.]

In the Matter of the Estate of NELSON BUMP, Deceased; J. H. THOMAS, et al., Appellants.

ESTATES OF DECEASED PERSONS—COSTS OF UNSUCCESSFUL CONTESTANT TO PROBATE OF WILL—PAYMENT BY ESTATE—DISCRETION—PRESUMPTION ON APPEAL.—Under section 1720 of the Code of Civil Procedure, providing that in probate proceedings in general the superior court "may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require," that court has power in its sound discretion to order the costs of an unsuccessful contestant to the probate of a

will paid out of the assets of the estate, and to refuse to give the successful proponents of the will judgment against the contestants for their costs; and in the absence of any showing to the contrary it will be presumed on appeal that such a direction for the payment of costs was properly made.

ID.—CASES WHERE COSTS ARE PROPERLY PAYABLE FROM ESTATE.—The cases are rare and the circumstances must be peculiar which would justify the trial court in ordering the costs of an unsuccessful contestant to the probate of a will payable out of the assets of the estate, and it should use great caution and make such orders only in very extreme cases presenting great hardship, and where it appears that the contestant has acted in the utmost good faith throughout the proceeding.

APPEAL from a portion of an order of the Superior Court of Alameda County admitting a will to probate and directing the payment of costs. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

R. H. Countryman, for Appellants.

Clark & Clark, and R. Clark, for Respondent.

SHAW, J.—The will of Nelson Bump, deceased, was offered for probate by Jesse H. Thomas, the executor, and Sarah Angelene Dean, the executrix, named in the will. Sarah L. Bump, the widow of deceased, filed a contest thereto. After a trial, the contest was denied and the will admitted to probate. The bill of exceptions states that in the order admitting the will to probate "said court did order that the costs of said contest be taxed against said estate." The record contains no copy of the order and no further statement of its provisions in regard to costs. Thereafter, in due time, the proponents of the will filed a cost bill in the sum of $1701.70 and the contestant filed a cost bill claiming the sum of $168.20 as her costs in prosecuting the unsuccessful contest. The proponents and beneficiaries under the will appeal from "so much of the order and that portion of the order . . . as charges said estate with the costs of said contestant or which allows or permits said contestant to recover her costs of said contest as against said estate or prohibits or prevents said proponents from recovering their costs as against said contestant." The quotation is from the notice of appeal.

It has been held that when there is a successful contest after probate, the court, in its discretion, may allow to the executors out of the estate, their reasonable costs and expenditures in endeavoring to uphold the will of which they had been appointed the executors. (*Estate of McKinney,* 112 Cal. 447, [44 Pac. 743].) Also that where there is a successful contest before probate and the legatees or executors acted in good faith and upon probable grounds in proposing the will for probate, the court may, in its discretion, allow to the unsuccessful proponents their ordinary costs incurred in endeavoring to establish the will, and make the same a charge against the assets of the estate. (*Estate of Olmstead,* 120 Cal. 452, [52 Pac. 804].) Section 1720 of the Code of Civil Procedure provides that in probate proceedings in general the superior court "may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require." We can conceive of cases in which the duty of a widow, or other person entitled to administration of an estate in case of intestacy, to contest the probate of an alleged will, might be as plain and urgent under the circumstances known to such person, as would be the duty of an executor already appointed, or one nominated as executor. in a will offered for probate, or a legatee thereunder, to oppose a contest and endeavor to establish such will. The provision of the code above quoted is very general in its terms and applies as well to a party contesting a will as to one proposing it. It puts the entire matter of costs within the sound discretion of the court, and we think it must be held that such discretionary power extends to and includes the case of an unsuccessful contestant. It is proper to say, however, that such cases must be rare and the circumstances must be peculiar indeed to justify such an order in favor of a contestant who has failed, and that, as this court under its rules is sometimes compelled to sustain a discretionary order where it has grave doubts of its propriety, the trial court should use great caution and make such orders only in very extreme cases presenting great hardship and where it appears that the contestant has acted in the utmost good faith throughout the proceeding.

There is here no attempt to set forth the circumstances and have this court decide whether or not the discretion was abused. The case is presented upon the proposition that the

power does not exist in any case, or under any circumstances, to make the costs of an unsuccessful contest payable out of the assets of the estate. The presumptions are all in favor of the action of the court below. The power exists and in the absence of any showing to the contrary we must presume that it was properly exercised.

The same reasons extend to the proposition that the court erred in refusing to give the proponents judgment against the contestant for their costs. As a mere matter of discretionary power the court could do this, and as no attempt is made to show an abuse of discretion, the order must stand. If the estate had been insolvent, perhaps it would have been an error to refuse such judgment for costs; but it is not claimed that the assets are not ample, or that the estate is not solvent.

It is not claimed that the cost bill of the contestant is erroneous or excessive. Nothing in this opinion is to be understood as an intimation that the filing of the cost bill by the proponents, and the failure of either party to object thereto, will constitute an adjudication that the costs they claim are all properly chargeable under the order.

The part of the order appealed from is affirmed.

Angellotti, J., and Sloss, J., concurred.