[S. F. No. 5392.  Department Two.—September 15, 1911.]

In the Matter of the Estate of J. ALEXANDER YOELL, Deceased.

EVALINE A. LEVY, Special Administratrix, Proponent of Will, Appellant, v. GERTRUDE E. YOELL, EMILY F. DUNN, and BEATRICE E. YOELL, Contestants and Respondents.

ESTATES OF DECEASED PERSONS—CONTEST OF WILL—MISTRIALS—VOID ORDER TO PAY EXPENSES OF CONTEST FROM FUNDS OF ESTATE.— Where the contest of a will has resulted in mistrials from failure of the jury to agree, the court has no power to order the payment of the expenses of the contestants out of the estate in the hands of a special administratrix, and the order for such payment is void.

ID.—SCOPE OF POWERS OF SPECIAL ADMINISTRATRIX.—It is not within the scope of the powers of a special administrator to make such payment, and it is not within the scope of the power of the court to order any such payment by him out of the funds of the estate.

ID.—EXPENSES PAYABLE ONLY IN DUE COURSE OF ADMINISTRATION.— An order of the court for the payment of expenses of a contest, if valid in other respects, can only be made payable in the due course of administration of the estate.

ID.—FINALITY OF CONTEST ESSENTIAL.—Until the will has been admitted to probate, or probate has been denied, the court has no power to appropriate the funds of the estate to aid either the proponent or the contestant.

ID.—COSTS MUST BE AN INCIDENT TO JUDGMENT — PRIOR DISCRETION NOT ALLOWED.—Costs or expenses can only be allowed as incident to a judgment or final order of the court. It is only at the final determination of the litigation, that the discretion of the court to award costs or expenses out of the estate can be properly exercised.

APPEAL from an order of the Superior Court of the City and County of San Francisco directing payment of costs of contestants of a will out of funds of an estate or the funds of a special administratrix. Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

Hiram W. Johnson, and Carl Westerfeld, for Appellant.

Bishop, Hoefler, Cook & Harwood, E. E. Cothran, and Leon Morris, for Respondents.

HENSHAW, J.—Certain of the children of J. Alexander Yoell, deceased, contested the admission of his proffered will to probate. The first trial resulted in a disagreement of the jury, the second proved abortive because of the earthquake and fire, the third resulted in a mistrial, the jury standing eight for contestants and four for the proponents. The trial court then made its order fixing the costs of the contestants upon the second and third trial, and directing them to be paid by the special administratrix out of the funds of the estate. From that order this appeal is taken.

The question thus presented upon appeal has been determined absolutely in favor of appellant's position by this court in Bank in *Henry* v. *Superior Court,* 93 Cal. 569, [29 Pac. 230]. In the Henry case, the order was in advance of the hearing of the contest and was a direction to the special administrator to pay to the attorney for the contestants the sum of six hundred dollars "for counsel fees, witness fees and other expenses." In the opinion in the Henry case it is pointed out that such allowance for counsel fees should be made to the party and not to the attorney. It is further declared that it is not within the scope of the powers of the special administrator to pay, and therefore not within the scope of the power of the court to order him to pay such costs, but that such an order, even when properly made in other respects, should call for the payment in due course of administration. But the principal ground for the decision, as stated by the court itself, is "that until the will has been admitted to probate, or probate has been denied, the court has no power to appropriate the funds of the estate to aid either proponent or contestant." Some of the reasoning advanced in support of that view, pertinent to the case before it, is not here applicable. In the Henry case there had been no trial, and the allowance of costs made in advance of the incurring of the costs themselves, must rest upon a speculative basis. Here there has been a trial, and it is not seriously in question but that the costs have been incurred. But the foundation of the court's decision in the Henry case is that costs cannot be allowed at all "except as an incident to some judgment or order of the court." And

in this case, no more than in the Henry case, is there any such judgment or order.

It is proper· to add, in contemplation of the fact that the law (with but few restrictions) permits a person to dispose of his property by will in such manner as he sees fit; that another law which permits one to contest the will and perhaps lay bare the secrets of a testator's life, and to cloud his reputation after his death, and then permits him to recover all his costs even when his efforts so to destroy the will have proved futile, is exceptional in that it takes one man's property and bestows it upon another, when that other has been making an unsustained attack upon the testamentary act of the person whose estate is thus compelled to pay for the attack. And so it is said by this court in *Estate of Bump,* 152 Cal. 271, [92 Pac. 642], that the cases "must be rare and the circumstances must be peculiar indeed to justify such an order in favor of a contestant who has failed." The final determination of the litigation, consequently, must have a weight in influencing the court in the exercise of the discretion to award costs with which the law has vested it, and not until the final determination can that discretion be properly exercised.

The order appealed from is, therefore, reversed.

Melvin, J., and Lorigan, J., concurred.