[S. F. No. 11752. In Bank.—April 19, 1926.]

In the Matter of the Estate of AURILLA JOHNSON, Deceased. AURILLA MABEL WALLER, Appellant, **v.** EMILY W. EWALD et al., Respondents.

[1] COSTS—STATUTORY RIGHT.—The right to recover costs exists solely by virtue of statute, and is measured by the statute.

[2] ID. — WILL CONTEST — DISCRETION — SECTION 1720, CODE OF CIVIL PROCEDURE.—Section 1720 of the Code of Civil Procedure, which controls the allowance of costs in a will contest instituted before probate, does not authorize an order allowing costs until the judgment in the contest has become final, as it is not possible for the court to exercise its discretion in accordance with the requirements of justice until it is apprised of the entire history of the litigation, including the ultimate fate of the disputed document.

[3] ID.—INVALID JUDGMENT — RIGHT TO ATTACK. — Where a judgment in a will contest contains an illegal award of costs against one of the defendants, it is unnecessary to comply with the terms of section 663 of the Code of Civil Procedure in attacking it, for, to the extent that the judgment purports to allow costs. it is outside the jurisdiction of the court and absolutely void and may be attacked by either parties or strangers.

(1) 15 C. J., p. 21, n. 26, p. 22, n. 27.    (2) 40 Cyc., p. 1362, n. 96, p. 1365, n. 24.    (3) 40 Cyc., p. 1365, n. 24.

APPEAL from an order vacating portion of a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. A. Blanchard and Daniel Rygel for Appellant.

Maurice J. Rankin and L. H. Walker for Respondent.

LENNON, J.—The order appealed from vacates that portion of a judgment, in a will contest, which awarded costs in favor of the plaintiff, Aurilla Mabel Waller, and against

1. Right to costs. notes, 88 Am. Dec. 181; 125 Am. St. Rep. 989. See, also, 7 Cal. Jur. 254; 7 R. C. L. 781.
2. See 26 Cal. Jur. 1114.
3. See 15 Cal. Jur. 56; 15 R. C. L. 841.

defendant Emily W. Ewald. The contest arose over a document which purports to be the last will and testament of Aurilla Johnson, deceased, and names said Emily W. Ewald as sole legatee and devisee. This instrument was offered for probate by Amos O. Williams, as public administrator of Santa Clara County, who asked for letters of administration with the will annexed. Probate was contested by Aurilla Mabel Waller, an adopted daughter of the decedent, upon the grounds that decedent was not of sound mind at the date of the execution of the instrument and that the instrument was not entirely written, dated and signed by the decedent; in this action Amos O. Williams and Emily W. Ewald appeared as defendants. The jury returned a verdict in favor of contestant upon both grounds, judgment was entered in accordance therewith and defendants' motion for a new trial was denied. In passing, it may be noted that the merits of the will contest are involved in an appeal which defendants have taken from the judgment itself and are not under consideration in the present proceedings.

Subsequent to the motion for a new trial, defendant Amos O. Williams moved that the judgment be set aside and vacated upon the ground that it contained an award of costs which was made and based upon an erroneous conclusion of law and which was not within the authority or jurisdiction of the trial court. The motion was granted and an order made vacating the judgment and directing the entry of a judgment in favor of plaintiff as previously rendered, but eliminating therefrom all provisions concerning costs. From the order last mentioned plaintiff Aurilla Mabel Waller instituted the present appeal.

In support of her appeal plaintiff contends that the trial court had jurisdiction to award costs against defendant Emily W. Ewald, since section 1720 of the Code of Civil Procedure authorizes the court to exercise its discretion in allowing costs in a will contest, and, therefore, that any error committed was merely an error in the exercise of discretion concerning a matter within the court's jurisdiction and could only be reached on a motion for new trial, and not, as in the present case, by a motion to vacate the judgment made subsequent to and independently of the proceedings for a new trial.

[1] The right to recover costs exists solely by virtue of statute. Consequently an award of costs can be justified only if permitted by some statutory provision, and the measure of the statute is the measure of the right. (*Begbie* v. *Begbie*, 128 Cal. 154 [49 L. R. A. 141, 60 Pac. 667]; *Turner* v. *East Side Canal & Irr. Co.*, 177 Cal. 570 [171 Pac. 299]; *Sime* v. *Hunter*, 55 Cal. App. 157 [202 Pac. 967].) [2] It is true that the statute covering and controlling the allowance of costs in a will contest instituted before probate is section 1720 of the Code of Civil Procedure, which provides: ''When it is not otherwise prescribed in this title, the superior court, or the supreme court, on appeal, may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require. Execution for the costs may issue out of the superior court.'' On several occasions this section of the code has been before this court for interpretation and in each instance the court has held that it does not authorize an order allowing costs until the judgment in the will contest has become final. The reason assigned for so holding is that it is not possible for the court to exercise its ''discretion'' in accordance with the requirements of ''justice,'' as prescribed by the statute, until the court is apprised of the entire history of the litigation, including the ultimate fate of the disputed document.

In *Estate of Yoell*, 160 Cal. 741 [117 Pac. 1047], in reversing an order directing payment of costs of contestants out of the funds of the estate, the court said: ''The final determination of the litigation . . . must have a weight in influencing the court in the exercise of the discretion to award costs with which the law has vested it:'' Counsel for appellant point out that the order awarding costs in the case last cited was made after a disagreement by the jury, and not as an incident to a judgment in favor of a contestant, as in the present instance. This attempt to distinguish the cases is answered by *Estate of Berthol*, 163 Cal. 343 [125 Pac. 750], where the order allowing costs was made subsequent to a verdict and judgment in favor of the contestant. The order was reversed upon the ground that *''The court is simply without discretion to make any order until the final determination of the controversy.''* It is immaterial whether the order awards costs from the assets of the estate or against an individual party, for in neither case can

the requisite discretion be exercised until the final determination of the litigation. The case of *Estate of Jones*, 166 Cal. 147 [135 Pac. 293], follows the *Estate of Berthol, supra,* and is a striking illustration of the reason underlying the interpretation accorded the statute.

By reason of these authorities we are compelled to conclude that the statute applicable to costs in will contests before probate does not authorize an allowance of costs until the final determination of the litigation, and, consequently, that the trial court was without jurisdiction to allow costs in rendering the judgment in plaintiff's favor in the present case.

[3] However, it is pointed out by plaintiff that the motion to set aside the order allowing costs was not made by Emily W. Ewald, the defendant against whom costs were awarded, but by defendant Amos O. Williams, who was not the "party aggrieved." Plaintiff claims that according to the provisions of section 663 of the Code of Civil Procedure the motion can only be made by the party injured by the erroneous judgment. It was unnecessary to comply with the terms of the section last mentioned, for, to the extent that the judgment purported to allow costs, it was outside of the jurisdiction of the court and absolutely void. Any person at any time could call the attention of the court to that fact. When a judgment or a part thereof is absolutely void and the invalidity is apparent upon the face of the record, it "may be attacked anywhere, directly or collaterally, whenever it presents itself, either by parties or strangers. It is simply a nullity, and can be neither a basis nor evidence of any right whatever," (*Estate of Pusey*, 180 Cal. 368, 374 [181 Pac. 648]; *Lang* v. *Lang*, 182 Cal. 765 [190 Pac. 181].)

The order eliminating that portion of the judgment which allowed costs was therefore proper and the present appeal must fail. The order is affirmed.

Seawell, J., Richards, J., Shenk, J., · Curtis, J., Waste, C. J., and Cashin, J., *pro tem.*, concurred.

Rehearing denied.

Curtis, J., dissented.