[S. F. No. 11752. In Bank.—January 27, 1927.]

In the Matter of the Estate of AURILLA JOHNSON, Deceased. AURILLA MABEL WALLER, Appellant, v. EMILY W. EWALD et al., Respondents.

[1] Costs—Erroneous Insertion in Remittitur—Remedy.—Upon an appeal from an order vacating a judgment for costs in a will contest, where the supreme court in affirming the order did not exercise its discretion in awarding costs pursuant to section 1720 of the Code of Civil Procedure, it was error for the clerk of said court to insert in the *remittitur* a provision for costs on appeal, in accordance with the rule covering ordinary civil actions; and the proper remedy to correct said error was a motion in the supreme court to recall the *remittitur* and to strike therefrom the provision for costs.

[2] Id.—Jurisdiction—Award of Costs.—Where the supreme court has lost jurisdiction of an appeal from an order vacating a judgment for costs, in a contest before probate of a will, it may not exercise any discretionary power in awarding costs therein, but an appropriate order may be made by the trial court with reference to the costs on appeal, in the exercise of its discretion under section 1720 of the Code of Civil Procedure.

---

(1) 4 C. J., p. 1245, n. 90; 40 Cyc., p. 1365, n. 27.    (2) 4 C. J., p. 1235, n. 20, p. 1244, n. 81; 15 C. J., p. 240, n. 94.

MOTION to recall Remittitur and strike out provision for costs on an appeal from an order of the Superior Court of Santa Clara County. J. R. Welch, Judge. Motion granted.

The facts are stated in the opinion of the court.

H. A. Blanchard and Daniel Rygel for Appellant.

Maurice J. Rankin and Leland H. Walker for Respondents.

SHENK, J.—[1] On a contest before probate of the alleged will of the decedent the jury found for the contestant and judgment was entered accordingly, including costs to the contestant. On motion of the proponent the trial court entered an order vacating the judgment for costs. The con-

---

1. See 26 Cal. Jur. 1113.

testant appealed from said order and the order was affirmed (*Estate of Johnson,* 198 Cal. 469 [245 Pac. 1089]). On the going down of the *remittitur* the clerk of this court inserted therein the words "Respondents to recover costs on appeal," in accordance with the rule governing ordinary civil actions. In due time the contestant filed a notice of motion in this court to recall the *remittitur* and to strike therefrom the provision for costs on appeal on the ground that the allowance of costs in a contest before probate must abide the final determination of the proceeding (sec. 1720, Code Civ. Proc.; *Estate of Johnson, supra*). The proceeding is finally determined by the affirmance of the judgment on the main appeal this day decided (*Estate of Johnson, ante,* p. 299 [252 Pac. 1049]), wherein this court has in the exercise of its discretion under said section 1720 directed that costs on the main appeal be paid out of the assets of the estate. On the former appeal the court did not exercise its discretion in awarding costs pursuant to said section 1720, and the provision for costs on said appeal was improperly incorporated in the *remittitur.* This motion is the proper remedy on behalf of the contestant to exclude from the *remittitur* the unauthorized provision (*San Joaquin etc. Irr. Co.* v. *Stevinson,* 165 Cal. 540 [132 Pac. 1021]). [2] As this court has lost jurisdiction of the former appeal, we may not now exercise any discretionary power in awarding costs therein. An appropriate order may, however, be made by the trial court with reference to the costs on the former appeal in the exercise of its discretion under said section 1720.

The motion is therefore granted, and it is ordered that the *remittitur* issued herein by the clerk of this court on May 20, 1926, be recalled and that a correct *remittitur* be issued in its place *nunc pro tunc* omitting the words "Respondents to recover costs on appeal."

Richards, J., Seawell, J., Waste, C. J., Curtis, J., Preston, J., and Langdon, J. concurred.