[Civ. No. 11001. Second Appellate District, Division Two.—May 23, 1936.]

In the Matter of the Estate of MARY MARCUS, Deceased. LOUIS MARCUS, Appellant, v. ARTHUR REDMOND, as Executor, etc., et al., Respondents.

Benjamin P. Riskin for Appellant.

William P. Redmond and Lamdon & Damon for Respondents.

CRAIL, P. J.—This is an appeal from an order of the probate court admitting to probate the will of Mary Marcus, deceased. In the action the appellant, Louis Marcus, was the contestant or plaintiff, and the executor named in the will and others were the proponents or defendants.

With considerable skill and much to our convenience the contestant has set forth in his statement of questions involved the points upon which he relies, as follows: "1. Was it shown that the testatrix was sufficiently competent to execute the alleged codicil? 2. Was the execution of the Codicil sufficiently proved? 3. Did the Court abuse its discretion in denying the motion for a new trial? 4. Can a Commissioner of the Probate Court in Los Angeles County qualify to sit as a Judge Pro Tem? 5. Was it an error to amend the decree and to award costs against the contestant?"

Obviously the answers to the first two questions depend upon whether there is any substantial evidence to sustain the findings of the trial court with regard thereto, and in determining them we must view the evidence in the light

most favorable to the party who was successful in the trial court. The contestant, however, contends that the following language which he quotes from the *Estate of Arnold,* 147 Cal. 583 [82 Pac. 252], expresses the true rule to be used: "In determining whether or not in a proceeding to contest a will, the evidence produced by the contestants is sufficient to require the submission of the case to the jury the same rules apply as in civil cases. Every favorable inference fairly deducible and every presumption fairly arising from the evidence produced must be considered as facts proved in favor of the contestants. Where evidence is fairly susceptible of two constructions, or if either of several inferences may reasonably be made, the court must take the view most favorable to the contestants. All the evidence in favor of the contestants must be taken as true, and if contradictory evidence has been given it must be disregarded."

Contestant admits that this quotation speaks of the amount of testimony required to take a case to the jury, but contends that "the analogy should be allowed in a case where the only testimony concerning mental capacity comes from the proponents on cross-examination or otherwise; and realizing that the witnesses are adverse, all the favorable presumptions should be given it". It is sufficient to say that there is no merit in the contention. The rules for viewing evidence set forth in the Arnold case, *supra,* have no application to the situation which confronts us. The answer to each of the first two questions is, yes.

■ There is not even an attempt by contestant to show an abuse of discretion on the part of the trial court in denying the motion for a new trial, but merely that on the merits an injustice will result if the order is permitted to stand. The answer to the third question is, no.

■ The answer to the fourth question is yes. (*Estate of Kent,* 6 Cal. (2d) 154 [57 Pac. (2d) 901].)

■ The findings of the trial court contained a conclusion, among others, that judgment should be entered against the contestant and in favor of the executor for costs. These findings were evidently prepared by the attorneys for the proponents of the will, and the court struck therefrom the sentence which was to the effect that the other proponents of the will were entitled to costs. In attempting to amend the decree in the same way, however, the court inadvertently

went further and struck out not only the names of the other proponents but the Estate of Mary Marcus as well. Fifteen days later, upon motion in open court after due notice, the court corrected this obvious inadvertence by amending the decree as follows: ''That this decree and judgment is amended to conform to the oral decision and judgment of the court and to conform to the Findings of Fact and Conclusions of Law by this Court rendered on the 3rd day of December, 1934.'' There was no error here.

■ The contestant's final point is that ''error was committed when an allowance was made for costs in a will contest prior to the time when the contest was finally determined''. He relies upon the following cases: *In re Jones Estate,* 166 Cal. 147 [135 Pac. 293]; *In re Berthol's Estate,* 163 Cal. 343 [125 Pac. 750]; *Estate of Yoell,* 160 Cal. 741 [117 Pac. 1047]; *In re Johnson's Estate,* 198 Cal. 469 [245 Pac. 1089]. These were all cases in which the trial court was attempting to do the unusual by awarding the costs out of the estate instead of entering judgment as of course against the unsuccessful party. Such an exercise of discretion is permitted in the probate court under section 1232 of the Probate Code. But, involving as it does the exercise of discretion upon the part of the trial court, it may not be made until a final determination of the contest on appeal; and our Supreme Court has said: ''The circumstances must be peculiar indeed to justify such an order in favor of a contestant who has failed.'' (*Estate of Yoell, supra; Estate of Bump,* 152 Cal. 271 [92 Pac. 642].) The court in granting the judgment for costs herein was not exercising its discretion but was granting judgment for costs in a special proceeding (Code Civ. Proc., secs. 22, 23; *Estate of Joseph,* 118 Cal. 660 [50 Pac. 768]) against the unsuccessful party as a matter of course. (Code Civ. Proc., sec. 1032 [b].) The answer to the fifth question is, no.

Judgment affirmed.

Wood, J., and McComb, J., *pro tem.,* concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 20, 1936.