[Civ. No. 11001. Second Appellate District, Division Two.—August 21, 1936.]

In the Matter of the Estate of MARY MARCUS, Deceased. LOUIS MARCUS, Appellant, v. ARTHUR REDMOND, as Executor, etc., et al., Respondents.

Benjamin P. Riskin for Appellant.

William P. Redmond and Lamdon & Damon for Respondents.

CRAIL, P. J.—Upon appeal from a judgment admitting the will of decedent to probate in a contest instituted before probate, the judgment was affirmed by this court. (*Estate of Marcus,* 14 Cal. App. (2d) 254 [58 Pac. (2d) 385].) In its decision the court made no specific directions concerning costs on appeal, the general rule concerning costs being that ''in all cases in which the judgment or order appealed from is affirmed, [and the order contains no directions as to the costs of appeal] the clerk will enter upon the record, and insert in the *remittitur,* a judgment that the respondent recover the costs of appeal'' (Rule XXIII of the Rules for the Supreme Court and District Courts of Appeal). However, the judgment for costs was not inserted in the *remittitur.* Respondents now move for an order recalling the *remittitur* and for issuance of a corrected *remittitur,* inserting the judgment for costs.

Upon inquiry at the clerk's office we find that for more than a year, or since the decision in the case of *In re Estate of Erickson,* 4 Cal. App. (2d) 602 [41 Pac. (2d) 939], the clerk has not been inserting in the *remittiturs* in probate cases the judgment as to costs. In the Erickson case, *supra,* the following language was used: ''It has been held that by reason of the fact that the subject of costs in probate proceedings is specially provided for, the general rules concerning costs as set forth in section 1021 et seq. of the Code of Civil Procedure do not apply to probate proceedings. (*Estate of Olmstead,* 120 Cal. 447, 452 [52 Pac. 804].) For like reasons the general rule XXIII should not apply in this case.''

In the trial of civil actions costs are allowed as a matter of course to the successful party upon a judgment in his favor. (Code Civ. Proc., sec. 1032.)

The allowance of costs where issues are joined in probate proceedings is governed, except in rare instances, by section 1230 of the Probate Code. That is a long section covering the rules of procedure in probate trials and it is

entitled "Trial rules". The last sentence in the section provides for the allowance of costs and for their allowance as an incident to the judgment. The section being long and the pertinent sentence being short and at the end of the section, it might, by inadvertence, be overlooked. It reads as follows: "Judgment on the issue joined, *as well as for costs,* may be entered . . . by the court as in *civil actions.*"

This sentence of section 1230 of the Probate Code (formerly Code Civ. Proc., sec. 1716) was overlooked in the early case of *Estate of Olmstead,* 120 Cal. 447 [52 Pac. 804], when in commenting upon the phrase which now appears in section 1232 of the Probate Code as "when not otherwise prescribed by this code", but which then read, "when it is not otherwise prescribed in this title", the court said at page 452, "There is not within the title any other provision relating to costs in cases of the probate of wills, or contests relating thereto before probate is had." The truth is that the sentence which we have quoted from Probate Code, section 1230, and which authorizes the courts in the trial of contests in probate proceedings to enter judgment for costs as in civil actions was a part of the law at the time—a part of the title referred to. The court further said in that early case, "Section 1021 and the following sections providing for costs generally have no application here, for the reason that section 1720 is a provision relating to proceedings in probate passed in 1880, long after the adoption of the general provisions in section 1021 and the following sections, and being the later statute must prevail in the proceedings to which it relates." In truth and in fact the last sentence of section 1716 of the Code of Civil Procedure, making applicable as it did the general provisions as to costs, was enacted into law at the same time as section 1720.

In the case of *Estate of Johnson,* 198 Cal. 469 [245 Pac. 1089], the trial court had done the unusual thing, had attempted to exercise discretion under section 1720 and had entered judgment against one only of two defendants. On appeal to the Supreme Court appellant said, "The sole question on this motion to vacate judgment was one of law, whether or not Judge Hudner had the legal authority or discretion to award judgment for costs against Mrs. Ewald. This authority and discretion is provided for by section 1720 C. C. P." Respondents declared in their brief, "The au-

thority to award costs in a contest before probate comes solely from Section 1720 of the Code of Civil Procedure." Appellant in her reply brief said: "We all agree that Section 1720 C. C. P. is the section under which authority to award costs is granted in a will contest prior to probate." The court had these declarations in mind when it said: "*It is true* that the statute covering and controlling the allowance of costs in a will contest instituted before probate is section 1720 of the Code of Civil Procedure, which provides: 'When it is not otherwise prescribed in this title, the superior court, or the Supreme Court, on appeal, may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require. . . . ' " That the court had only in mind the correct interpretation of section 1720 is obvious from the next sentence of the opinion which reads: "On several occasions this section of the code has been before this court for interpretation and in each instance the court has held that it does not authorize an order allowing costs until the judgment in the will contest has become final. The reason assigned for so holding is that it is not possible for the court to exercise its 'discretion' in accordance with the requirements of 'justice', as prescribed by the statute, until the court is apprised of the entire history of the litigation, including the ultimate fate of the disputed document."

It *was* true that under the facts of the case the decision turned solely upon a proper interpretation of section 1720. The court was not passing upon and did not pass upon section 1716; that section was not even mentioned in the opinion. The Johnson case, when fairly construed, goes no further than to say that where section 1720 of the Code of Civil Procedure is relied upon as the basis for the allowance of costs in a will contest instituted before probate, said section does not authorize an order allowing costs until the judgment in the will contest has become final.

The array of cases which are reviewed in the *Estate of Johnson, supra,* are subject to the same limitations and for similar reasons. Incidentally they show a successful effort upon the part of the courts to do justice in each case in spite of the language of the Olmstead case.

Any holding that our courts cannot render judgment for costs in the ordinary manner as an incident to a judgment

in favor of the successful party and against the unsuccessful party in contested probate proceedings and that the successful party must wait until the proceeding is finally terminated, sometimes years later, if such a holding were made, would tend to work havoc in the administration of justice in probate proceedings. Such a rule is not followed in the probate departments of our superior courts. The allowance of costs as an incident to the judgment as in civil actions is so natural that the litigants take such judgments for granted and do not raise the question on appeal when such judgments are rendered. The allowance of costs in any other method is no unnatural and so unusual that when it is attempted there is an occasion for appeal. It should be remembered that section 1232 of the Probate Code applies only "when not otherwise prescribed by this code" and our Supreme Court has said in effect that the circumstances must be peculiar indeed to justify such an order. (*Estate of Yoell,* 160 Cal. 741 [117 Pac. 1047]; *Estate of Bump,* 152 Cal. 271 [92 Pac. 642].)

The above was the thesis of the last paragraph of the decision of this court in the case of *Estate of Marcus, supra,* although it was not so elaborately stated as it has been herein. Obviously therefore the decision of this court in the Marcus case included a judgment for costs on appeal against the losing party as provided in said rule XXIII, and the failure to enter the item in the *remittitur* was an inadvertence.

The motion is therefore granted and it is ordered that the *remittitur* issued by the clerk of this court on July 23, 1936, be recalled and that a corrected *remittitur* be issued in its place *nunc pro tunc* adding the words, "respondents to recover costs on appeal".

Wood, J., and McComb, J., *pro tem.,* concurred.