[L. A. No. 16399. In Bank.—December 30, 1938.]

In the Matter of the Estate of WILLIAM W. WALLACE, Deceased. ELLEN RUTH O'MARA et al., Appellants, v. THE FARMERS AND MERCHANTS NATIONAL BANK OF LOS ANGELES, as Trustee, et al., Respondents.

Meserve, Mumper, Hughes & Robertson and Roy L. Herndon for Appellants.

Eckman & Lindstrom and Morton L. Barker for Respondents.

THE COURT.—Following an appeal from a judgment by which the *corpus* of a testamentary trust was ordered to be distributed, this court by its decision in *Estate of Wallace,* filed May 31, 1938, 11 Cal. (2d) 338 [79 Pac. (2d) 1094], reversed the said judgment, without having made any order therein with respect to the costs incurred on said appeal, pursuant to the provisions of section 1232, Probate Code, which purports to vest in an appellate court on an appeal in probate matters, discretionary authority to order costs to be paid by any party to the proceedings or out of the assets of the estate "as justice may require". However, upon the issuance of the *remittitur* by the clerk of this court, on July 1, 1938, the said clerk added an order thereto to the effect that appellants were to recover costs on appeal.

On July 20, 1938, the respondent Phoebe A. Boisvert, special administratrix of the estate of deceased, filed a motion in this court to have the said *remittitur* recalled and the same to be corrected by striking therefrom the words, "Appellants to recover costs on appeal," upon the asserted grounds that said provision as to costs sought to be stricken was improperly incorporated by the clerk in said *remittitur* for the reason that this court had not exercised its discretion in awarding costs in pursuance of the provisions of said section 1232, Probate Code, above referred to; that therefore any provision for costs in said *remittitur* was unauthorized; that by reason of the failure of this court to so exercise its discretion, the jurisdiction to award costs is vested solely in the superior court; and that until said last-mentioned court has exercised its authority in that regard, no provision or judgment pertaining to the costs in said appeal is proper. As authority for these contentions respondent relies in particular upon the cases entitled *Estate of Johnson,* 200 Cal. 307 [252 Pac. 1052] , *Estate of Erickson,* 4 Cal. App. (2d) 602 [41 Pac. (2d) 939], and *Estate of Burnett,* 8 Cal. App. (2d) 363 [47 Pac. (2d) 745], which decisions will be hereinafter referred to.

On the other hand, appellants contend that where, as here, the appellate court has reversed the judgment on appeal, without direction as to the costs thereof, under the provisions of

rule XXIII of the Rules for the Supreme Court and District Courts of Appeal, appellants are entitled to a provision in the *remittitur* that they shall recover their costs on appeal; and they assert that this view of the question presented harmonizes with the provisions of the Probate Code relating to costs, especially those of section 1230 of the Probate Code. In effect, appellants concede that although there may be decisions in this jurisdiction to the contrary, the case entitled *Estate of Marcus,* 16 Cal. App. (2d) 183 [60 Pac. (2d) 469], announces the correct rule. In that case the appellate court affirmed a judgment admitting a will to probate in a contest instituted before probate, and there, as in the instant case, the appellate court failed to exercise its discretion with regard to an award of costs on said appeal, the *remittitur* also being silent in that regard. For the purpose of correction, the District Court of Appeal there granted a motion to recall the *remittitur;* and in providing for the issuance of a corrected *remittitur* to contain a provision for costs to the prevailing party, in its discussion of authorities bearing upon the question presented, said:

" . . . In the Erickson case, . . . [4 Cal. App. (2d) 602] the following language was used: 'It has been held that by reason of the fact that the subject of costs in probate proceedings is specially provided for [referring to section 1232 among others in the Probate Code] the general rules concerning costs as set forth in section 1021 et seq. of the Code of Civil Procedure do not apply to probate proceedings. (*Estate of Olmstead,* 120 Cal. 447, 452 [52 Pac. 804].) For like reasons the general rule XXIII should not apply in this case.' "

But the court, in the Marcus case, went on to say that:

"In the trial of *civil actions* costs are allowed as a matter of course to the successful party upon a judgment in his favor. (Code Civ. Proc., sec. 1032.)

"The allowance of costs where issues are joined in *probate proceedings* is governed, except in rare instances, *by section 1230* of the Probate Code. That is a long section covering the rules of procedure in probate trials and it is entitled 'Trial rules'. The last sentence in the section provides for the allowance of costs and for their allowance as an incident to the judgment. The section being long and the pertinent sentence being short and at the end of the section, it might, by inadvertence, be overlooked. It reads as follows:

'Judgment on the issue joined, *as well as for costs,* may be entered . . . by the court as in civil actions.'

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"The allowance of costs as an incident to the judgment as in civil actions is so natural that the litigants take such judgments for granted and do not raise the question on appeal when such judgments are rendered. The allowance of costs in any other method is so unnatural and so unusual that when it is attempted there is an occasion for appeal. It should be remembered that section 1232 of the Probate Code applies only 'when not otherwise prescribed by this code' and our Supreme Court has said in effect that the circumstances must be peculiar indeed to justify such an order. (*Estate of Yoell,* 160 Cal. 741 [117 Pac. 1047]; *Estate of Bump,* 152 Cal. 271 [92 Pac. 642].)

"The above was the thesis of the last paragraph of the decision of this court in the case of *Estate of Marcus* . . . [14 Cal. App. (2d) 254, 257, 58 Pac. (2d) 385] although it was not so elaborately stated as it has been herein. Obviously, therefore, the decision of this court in the Marcus case included a judgment for costs on appeal against the losing party as provided in said rule XXIII, and the failure to enter the item in the *remittitur* was an inadvertence." (Emphasis added.)

It is clear that in the Marcus case (16 Cal. App. (2d) 183 [60 Pac. (2d) 469]) the court was of the view that the provisions of section 1232, Probate Code, were not applicable in the sense that it was erroneous for the clerk of the court to insert in the *remittitur* a provision for recovery of costs by the prevailing party on appeal, where the decision of the appellate court was silent as to the matter of costs,—but in effect it was there held that by the provisions of section 1230 of the Probate Code, in cases where appellate courts on probate appeals had failed to make an order relating to costs, the general rules relating to costs on appeal in civil actions (an award thereof to the prevailing party) should govern. We cannot agree with the interpretation placed upon those two sections by that decision. Both section 1232 and section 1230 of the Probate Code are found under the caption, "Rules of Procedure". The provisions of section 1232 are preceded by the title "Costs" and read as follows:

''When not otherwise prescribed by this code, either the superior court or the court on appeal may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require.''

But section 1230 is prefaced by the title ''Trial rules'', and reads as follows:

''All issues of fact joined in probate proceedings must be *tried* in conformity with the requirements of the rules of practice in civil actions. The party affirming is plaintiff, and the one denying or avoiding is defendant. When a party is entitled to a *trial* by jury and a jury is demanded, and the issues are not sufficiently made up by the written pleadings on file, the court, on due notice, must settle and frame the issues to be tried. If no jury is demanded, the court must *try* the issue joined, and sign and file its decision in writing, as provided in civil actions. Judgment on the issue joined, as well as *for costs*, may be entered and enforced by execution or otherwise by the court as in civil actions.'' (Emphasis added.)

It is clear that that section has reference to *trial* procedure only, and in nowise can it be interpreted to apply to probate proceedings which have been carried into an appellate court. A reading of that section discloses the fact that the legislature, by its use of the words ''the court'', in the last line thereof, was referring to the trial court (probate) in proceedings there had, and not to an appellate court.

On the other hand, the provisions of section 1232, Probate Code, hereinabove quoted, are clear and certain, and express a legislative intention to vest in the superior court the right to determine the question of the payment of costs on appeal, in the absence of the exercise of the discretionary authority of an appellate court in that regard.

The provisions of section 1232 (it being the only section contained in the Probate Code pertaining to the allowance of costs *on appeal*) are governing in the instant situation. The provisions of rule XXIII do not expressly authorize the insertion in a *remittitur* by the clerk of an allowance for costs to a prevailing party on appeal where, as here, the Supreme Court has failed to exercise its discretion in the matter of costs. The right to recover costs is statutory (*Shaw* v. *Imperial Mut. L. & B. Assn.*, 4 Cal. App. (2d) 534, 540 [41 Pac. (2d) 574]; *Estate of Olmstead*, 120 Cal. 447

[52 Pac. 804]; *Henry* v. *Superior Court,* 93 Cal. 569 [29 Pac. 230]; *Estate of Johnson,* 198 Cal. 469, 471 [245 Pac. 1089]), and the Constitution provides (art. VI, sec. 1a, subd. [5]) that "rules of practice and procedure for the several courts" shall not be *"inconsistent with laws* that are now or that may hereafter be in force; . . . " (Italics added.)

The conclusion reached herein is supported by decisions both of this court and of the District Courts of Appeal. In *Estate of Johnson,* 200 Cal. 307 [252 Pac. 1052], it was said:

"On a contest before probate of the alleged will of the decedent the jury found for the contestant and judgment was entered accordingly, including costs to the contestant. On motion of the proponent the trial court entered an order vacating the judgment for costs. The contestant appealed from said order and the order was affirmed.' (*Estate of Johnson,* 198 Cal. 469 [245 Pac. 1089].) On the going down of the *remittitur* the clerk of this court inserted therein the words 'Respondents to recover costs on appeal', in accordance with the rule governing ordinary civil actions. In due time the contestant filed a notice of motion in this court to recall the *remittitur* and to strike therefrom the provision for costs on appeal on the ground that the allowance of costs in a contest before probate must abide the final determination of the proceeding (sec. 1720, Code Civ. Proc.; [now Probate Code, 1232]; *Estate of Johnson, supra*). The proceeding is finally determined by the affirmance of the judgment on the main appeal this day decided (*Estate of Johnson, ante,* p. 299 [252 Pac. 1049]), wherein this court has in the exercise of its discretion under said section 1720 directed that costs on the main appeal be paid out of the assets of the estate. On the former appeal the court did not exercise its discretion in awarding costs pursuant to said section 1720, and the provision for costs on said appeal was improperly incorporated in the *remittitur*. This motion is the proper remedy on behalf of the contestant to exclude from the *remittitur* the unauthorized provision. (*San Joaquin etc. Irr. Co.* v. *Stevinson,* 165 Cal. 540 [132 Pac. 1021].) As this court has lost jurisdiction of the former appeal, we may not now exercise any discretionary power in awarding costs therein. An appropriate order may, however, be made by the trial court with reference to the costs on the former appeal in the exercise of its discretion under said section 1720."

Also in *Estate of Erickson,* 4 Cal. App. (2d) 602 [41 Pac. (2d) 939], wherein a judgment revoking a will was reversed on appeal without an order having been made relating to costs, it was held that the *remittitur* should have contained no direction as to costs, the general rule as to costs on appeal in ordinary civil cases being inapplicable to probate proceedings. The court there pointed out that "The subject of costs in probate proceedings is specially provided for . . . " in the Probate Code. (See, also, matter of *Estate of Burnett,* 8 Cal. App. (2d) 363 [47 Pac. (2d) 745]; *Estate of Olmstead,* 120 Cal. 447 [52 Pac. 804].)

It follows from the foregoing that the motion should be and it is granted; and it is ordered that the *remittitur* issued herein by the clerk of this court on July 1, 1938, be recalled and that a corrected *remittitur* be issued in its place *nunc pro tunc,* omitting the words "Appellants to recover costs on appeal".