[Civ. No. 14252. First Dist., Div. One. June 7, 1950.]

Estate of JOSEPHINE FRANCES POWERS, Deceased. JOSEPH WHALEN McMAHON, Appellant, v. ALEXANDER McCULLOCH, as Executor, etc., Respondents.

Robert E. Hatch for Appellant.

Tobin & Tobin, Charles R. Collins and Frank J. Fontes for Respondents.

PETERS, P. J.—Josephine Powers died testate on July 20, 1943, leaving her entire estate to persons other than blood relatives and to various charities. The will was admitted to probate and letters testamentary were issued to Alexander McCulloch. Appellant, who is a second cousin of decedent, and who claims to be her closest surviving blood relative, filed a contest on the ground that the testatrix was of unsound mind when the will was executed. At the first trial the jury found in favor of contestant, but a new trial was granted. On the second trial the jury again found in favor of the contestant, but the trial court granted a judgment to the proponent notwithstanding the verdict. This was affirmed on appeal (*Estate of Powers*, 81 Cal.App.2d 480 [184 P.2d 319]), and a petition for hearing denied by the Supreme Court on November 6, 1947, two justices dissenting (81 Cal.App.2d at p. 486). The remittitur, which issued on November 12, 1947, awards costs on appeal to the prevailing party. No motion to recall, change or correct the remittitur has ever been filed. On the same day the remittitur issued, McCulloch filed his petition for settlement of the final account and for distribution. In this petition there appears no mention of any costs to be paid to appellant, the losing contestant. On November 22, 1948, the appellant, purporting to act under section 1232 of the Probate Code, filed a notice of motion for allowance of costs and counsel fees. The attached exhibit discloses that for expenses and trial and appellate costs appellant's counsel had advanced and expended $1,702.21. A counsel fee of $5,000 was requested. After a hearing, the motion was denied. The court thereupon entered its decree settling

the account and distributing the estate. Appellant has appealed from the order denying his motion and from the last mentioned decree of the probate court.

The appellant contends that under section 1232 of the Probate Code the probate court may allow, even to an unsuccessful contestant, costs and counsel fees, and that, if the contestant acted in good faith, the court must make such allowances, and its failure to do so is an abuse of discretion, as a matter of law. There is no such rule of law.

Section 1232 of the Probate Code, which is based on former section 1720 of the Code of Civil Procedure, reads as follows: "Costs. When not otherwise prescribed by this code or by rules adopted by the Judicial Council, either the superior court or the court on appeal, may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require."

If trial and appellate costs in a contest after probate, which this proceeding was, could be allowed by the trial court under this section, and they cannot, it is perfectly clear that the power thus conferred would not include the power to allow counsel fees even to a successful contestant or proponent. While there is some dicta in *Henry* v. *Superior Court*, 93 Cal. 569 [29 P. 230], to the effect that counsel fees may be included within the meaning of the term "costs" as used in old section 1720 (93 Cal. at p. 571), that dicta was expressly overruled in *Estate of Olmstead*, 120 Cal. 447, 454 [52 P. 804], where it was unequivocally held that the court had no power to award counsel fees under the section in question. This rule has been consistently followed. (*Estate of Arnold*, 121 Cal. App. 247, 248 [8 P.2d 897]; *Estate of Feldman*, 78 Cal.App.2d 778, 795 [178 P.2d 498]; *Estate of Schwartz*, 87 Cal.App.2d 569, 574 [197 P.2d 223].) If the probate court has no power to award counsel fees from the estate to an executor who successfully resists a contest, it is too clear to require further comment that a losing contestant cannot be awarded such fees from the estate. (*Estate of Walden*, 174 Cal. 776, 777 [164 P. 639].)

This leaves open the questions as to whether, under section 1232, the probate court could, and if it could whether it should, have awarded trial and appeal costs to appellant. It will be noted that section 1232 provides that the power conferred by the section exists only when the matter of costs is "not otherwise prescribed by this code." So far as trial costs are concerned, section 383 of the Probate Code provides:

"If the probate is not revoked, the costs of trial must be paid by the contestant. If the probate is revoked, the costs must be paid by the party who resisted the revocation or out of the property of the decedent, as the court directs." The instant proceeding involved a contest after probate. The will was admitted to probate on August 11, 1943. The contest was not filed until January 20, 1944. Therefore, as far as trial costs are concerned, they "must be paid by the contestant," and cannot be charged against the estate.

So far as the appellate costs are concerned, section 1232 provides: "When not otherwise prescribed . . : by rules adopted by the Judicial Council" the probate court has power to allow costs. Prior to the adoption of the Rules on Appeal in 1943, it was the law that if the appellate court, in probate cases, made no reference to costs on appeal in its opinion, the sole power to allow such costs then passed to the probate court under section 1232 of the Probate Code. (*Estate of Johnson,* 200 Cal. 307 [252 P. 1052]; *Estate of Erickson,* 4 Cal.App.2d 602 [41 P.2d 939]; *Estate of Wallace,* 12 Cal.2d 476 [86 P.2d 95]; *Estate of Schaetzel,* 44 Cal.App.2d 320 [112 P.2d 324].)

In 1943, the new Rules on Appeal were adopted. Rules 26(a) and 26(b) were adopted for the express purpose of overruling the rule announced in the cases above cited. Rule 26(a) provides, in part: "In any case in which the interests of justice require it, the reviewing court may make any award or apportionment of costs which it deems proper. In probate cases, in the absence of an express direction for costs by the reviewing court, costs on appeal shall be awarded to the prevailing party, but the superior court shall decide against whom such award shall be made."

Rule 26(b) provides, in part, as follows: "In any case in which the reviewing court directs the manner in which costs shall be awarded or denied, the clerk shall enter on the record and insert in the remittitur a judgment in accordance with such directions. In the absence of such directions by the reviewing court the clerk shall enter on the record and insert in the remittitur a judgment for costs as follows: (1) In the case of a general and unqualified affirmance of the judgment, for the respondent"; etc.

The draftsman's notes to these rules states, in part: "Supersedes . . . in part, Prob. C. 1232 . . . The provision on costs in probate appeals is an attempt to modify what seems to be

an undesirable interpretation of Prob. C. 1232, namely, that the probate court has complete freedom in making the award. The new rule provides that the prevailing party normally *receives* costs, as in other cases, but that the probate court may determine whether the estate, the representative, or an heir or distributee should be *liable* therefor.''

In discussing this rule in 17 Southern California Law Review 232, 257, B. E. Witkin, draftsman of the Rules, states:

''Formerly the rule was that in appeals in *probate* matters, costs were awarded by the superior court, and no reference thereto appeared in the remittitur. In other words, the prevailing party might not get costs, and even might have to pay costs. The rule was unsound in principle, and seems to have been based upon a misconception of the problem, which was not who was *entitled* to costs, but rather who should be *liable* therefor—the estate, the representative, or the distributee. Rule 26 (a) now provides that in probate cases, in the absence of other direction by the reviewing court 'costs on appeal shall be awarded to the prevailing party, but the superior court shall decide against whom such award shall be made.'

''. . . recent cases have indicated that the reviewing court has inherent power to award or deny costs in its discretion to accomplish the ends of justice. Rule 26 (a) follows these controlling decisions, and states the unlimited discretion of the reviewing court to make any order on costs which it deems proper.''

Thus, although the probate court formerly had power to award costs on appeal if the appellate court opinion was silent, and could even award such costs to an unsuccessful contestant in a proper case (*Estate of Bump,* 152 Cal. 271 [92 P. 642] ; *Estate of Jones,* 166 Cal. 147 [135 P. 293] ), that is no longer the law. Under the present rules, the probate court, so far as appeal costs are concerned, and even where the appellate opinion is silent as to costs, only has the power to decide who shall be liable for costs, and has no power to award them.

The appellate court is now the only court that has power to award appeal costs to either a successful or unsuccessful contestant. Once an appeal has been determined, and where, as here, the appellate court makes no specific mention of costs, the unsuccessful contestant and litigant is not entitled to costs, the probate court has no power to award them, and the litigant's sole remedy, if any, would be in the appellate court on a petition to recall the remittitur.

There is another reason why the probate court prop-

erly denied appellant's motion for costs. In the appeal from the judgment notwithstanding the verdict, at every stage of the proceedings, appellant raised this identical issue of costs. In his opening brief he asked for costs and urged the point that if he acted in good faith he was entitled to costs as a matter of law. In two reply briefs the same argument is made. In the petition for rehearing the very first point urged was that the appellate court had overlooked appellant's claim to costs, and in the petition for hearing in the Supreme Court the same point was urged. These various arguments were answered by the respondent. Thus, appellant's claim for costs has been considered and passed upon on the prior appeal by the refusal of the appellate court, in its discretion, to grant appellant his costs despite his continued and persistent requests for such costs. The matter is res judicata, and cannot be considered in this proceeding, even if the probate court had power, which it has not, to award such costs. By failing to exercise its discretion, the appellate court has necessarily determined that appellant is not entitled to costs on appeal. Appellant is barred by that determination from again raising the issue.

For these many reasons, the probate court had no power to award counsel fees, or trial or appellate costs to appellant. This being so, it properly denied the motion.

The order and the decree appealed from are affirmed.

Bray, J., and Schottky, J. pro tem., concurred.