[Civ. No. 753.   Fifth Dist.   Feb. 27, 1968.]

Estate of KATHERINE G. MILLER. Deceased. MIRIAM MILLER HARTMAN, Plaintiff and Appellant, v. BURKE E. BURFORD, as Executor-Trustee, etc., et al., Defendants and Respondents.

Hutchinson & Quattrin and J. Albert Hutchinson for Plaintiff and Appellant.

Hubler, Burford, Moran & Quirk and Gaylord N. Hubler for Defendants and Respondents.

CONLEY, P. J.—Pending questions in the present Miller estate appeals (see *Estate of Miller, ante* p. 536 [66 Cal.

Rptr. 756]) involve the query why the costs awarded by this court in both of the preceding appeals (*Estate of Miller*, 212 Cal.App.2d 284 [27 Cal.Rptr. 909] and *Estate of Miller*, 230 Cal.App.2d 888 [41 Cal.Rptr. 410]) have not been realized by Miriam Miller Hartman, notwithstanding the direction in each of the opinions that she should recover her costs and that none of the items in either of her cost bills was attacked by the respondents, heirs or distributees therein.

In *Estate of Miller*, numbered herein 5 Civil 169 (212 Cal. App.2d 284, 298), Burke E. Burford was executor of the will of Katherine G. Miller, deceased, and he and Sally Miller Field, John Austin Field, Charles Davison Field, Richard Clark Field, Marcia Miller Nelson, Peter Austin Nelson, and Katherine Nelson were respondents, heirs or distributees; the last two paragraphs of the opinion filed January 23, 1963, read as follows:

"The judgment insofar as it relates to preliminary distribution is reversed with directions to the court below to order such distribution as prayed in the petition for preliminary distribution in equal shares to each of the two sisters and to the testamentary trustee for Miriam Hartman.

"The judgments and orders are otherwise affirmed. *The appellant shall recover her costs on appeal.*" (Italics added.)

In the opinion on the second appeal, numbered herein 5 Civil No. 352 (230 Cal.App.2d 888, 915), Miriam Miller Hartman was petitioner and appellant, and Charles Davison Field was an objector and appellant; Burke E. Burford was executor of the estate of Katherine G. Miller and testamentary trustee, and he and Sally Miller Field, John Austin Field, Charles Davison Field, Richard Clark Field, Marcia Miller Nelson, Peter Austin Nelson, and Katherine Nelson were the respondents, heirs or distributees; the last two paragraphs of that opinion read in part as follows: ". . . that the final decree of distribution in the estate be, and it hereby is, affirmed, with the addition of the explanatory provision relative to the participation in the San Mateo case by the executor hereinbefore set forth.

"The order relative to the trust is reversed with directions to the trial judge to make findings of fact and conclusions of law and an order based thereon in accordance with the foregoing opinion. *Appellant shall recover her costs.*" (Italics added.)

Upon going down of the remittiturs in the respective appeals, Mrs. Hartman served and filed her cost bills on

appeal in the county clerk's office at Visalia (Code Civ. Proc. § 1034; *San Francisco etc. School Dist.* v. *Board of Nat. Missions,* 129 Cal.App.2d 236, 242-243 [276 P.2d 829]); there has never been a motion in this court for the recall of the remittitur, or any application in the trial court, under sections 473, 1033 or 1034 of the Code of Civil Procedure or section 1232 of the Probate Code, or otherwise, attacking the amount of any item of these costs.

Under the law, and the specific holdings and directions of the opinions, the full amount of the costs on appeal as stated in the respective cost bills are recoverable by Mrs. Hartman.

Rule 26 of the California Rules of Court provides in part:

''Rule 26. Costs on Appeal

''(a) [**Right to costs**] Except as hereinafter provided, the prevailing party shall be entitled to his costs on appeal as an incident to the judgment on appeal. In the case of a general and unqualified affirmance of the judgment, or the dismissal of an appeal, the respondent shall be deemed the prevailing party; in the case of a reversal, in whole or in part, or of a modification of the judgment, the appellant shall be deemed the prevailing party. In any case in which the interests of justice require it, the reviewing court may make any award or apportionment of costs which it deems proper. *In probate cases, in the absence of an express direction for costs by the reviewing court, costs on appeal shall be awarded to the prevailing party, but the superior court shall decide against whom such award shall be made.''* (Italics added.)

In *Estate of Powers,* 97 Cal.App.2d 888, 891-892 [218 P.2d 1007], the present rule with respect to the award of costs on appeal in probate proceedings is thus discussed:

''So far as the appellate costs are concerned, section 1232 provides: 'When not otherwise prescribed . . . by rules adopted by the Judicial Council' the probate court has power to allow costs. Prior to the adoption of the Rules on Appeal in 1943, it was the law that if the appellate court, in probate cases, made no reference to costs on appeal in its opinion, the sole power to allow such costs then passed to the probate court under section 1232 of the Probate Code. (*Estate of Johnson,* 200 Cal. 307 [252 P. 1052]; *Estate of Erickson,* 4 Cal.App.2d 602 [41 P.2d 939]; *Estate of Wallace,* 12 Cal.2d 476 [86 P.2d 95]; *Estate of Schaetzel,* 44 Cal.App.2d 320 [112 P.2d 324].)

''In 1943, the new Rules on Appeal were adopted. Rules 26(a) and 26(b) were adopted for the express purpose of overruling the rule announced in the cases above cited. Rule 26(a)

provides in part: 'In any case in which the interests of justice require it, the reviewing court may make any award or apportionment of costs which it deems proper. In probate cases, in the absence of an express direction for costs by the reviewing court, costs on appeal shall be awarded to the prevailing party, but the superior court shall decide against whom such award shall be made.'

"Rule 26(b) provides, in part, as follows: 'In any case in which the reviewing court directs the manner in which costs shall be awarded or denied, the clerk shall enter on the record and insert in the remittitur a judgment in accordance with such directions. In the absence of such directions by the reviewing court the clerk shall enter on the record and insert in the remittitur a judgment for costs as follows: (1) In the case of a general and unqualified affirmance of the judgment, for the respondent'; etc.

"The draftsman's notes to these rules states, in part, 'Supersedes . . . in part, Prob.C. 1232 . . . The provision on costs in probate appeals is an attempt to modify what seems to be an undesirable interpretation of Prob.C. 1232, namely, that the probate court has complete freedom in making the award. ▮▮▮ The new rule provides that the prevailing party normally *receives* costs, as in other cases, but that the probate court may determine whether the estate, the representative, or an heir or distributee should be *liable* therefor.'

"In discussing this rule in 17 Southern California Law Review 232, 257, B. E. Witkin, draftsman of the Rules, states:

" 'Formerly the rule was that in appeals in *probate* matters, costs were awarded by the superior court, and no reference thereto appeared in the remittitur. In other words, the prevailing party might not get costs, and even might have to pay costs. The rule was unsound in principle, and seems to have been based upon a misconception of the problem, which was not who was *entitled* to costs, but rather who should be *liable* therefor—the estate, the representative, or the distributee. Rule 26(a) now provides that in probate cases, in the absence of other direction by the reviewing court "costs on appeal shall be awarded to the prevailing party, but the superior court shall decide against whom such award shall be made."

" '. . . recent cases have indicated that the reviewing court has inherent power to award or deny costs in its discretion to accomplish the ends of justice. Rule 26(a) follows these controlling decisions, and states the unlimited discretion of the

reviewing court to make any order on costs which it deems proper.'

"Thus, although the probate court formerly had power to award costs on appeal if the appellate court opinion was silent, and could even award such costs to an unsuccessful contestant in a proper case (*Estate of Bump*, 152 Cal. 271 [92 P. 642] ; *Estate of Jones*, 166 Cal. 147 [135 P. 293]), that is no longer the law. Under the present rules, the probate court, so far as appeal costs are concerned, and even where the appellate opinion is silent as to costs, only has the power to decide who shall be liable for costs, and has no power to award them. The appellate court is now the only court that has power to award appeal costs to either a successful or unsuccessful contestant. Once an appeal has been determined, and where, as here, the appellate court makes no specific mention of costs, the unsuccessful contestant and litigant is not entitled to costs, the probate court has no power to award them, and the litigant's sole remedy, if any, would be in the appellate court on a petition to recall the remittitur."

■ This court had the right to specify whether or not the successful appellant should be entitled to her costs of appeal in both cases. As this court determined and directed in each of the opinions that Mrs. Hartman was entitled to her costs on appeal, no one, neither the lower court nor any of the unsuccessful respondents, heirs or distributees, was entitled to overrule this court by analyzing, as Mr. Burford attempted to do, the appellate court's orders awarding costs and in part setting aside these orders for judgment. ■ ." . . . a lower court is bound by the findings, judgments, orders, and opinions of a higher court." (*Lascher* v. *State of California*, 64 Cal.2d 687, 690 [51 Cal.Rptr. 270, 414 P.2d 398] ; *Auto Equity Sales, Inc.* v. *Superior Court*, 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

■ Nevertheless, Mr. Burford, and the firm of attorneys of which he is a member, with the tolerance of the judge presiding, successfully induced the trial court to do just that and he incidentally attempted to charge a total of $700 for his analysis of the factors behind this court's orders; Mr. Burford pointed out what he thought this court should have done in place of what it did do, and the trial court was persuaded by this wrongful advocacy to cut down the award of costs to Mrs. Hartman, according to appellant's calculations, in the first case from $184.98 to $123.82, and on the second appeal from $1,515.32 to $986.66; the court further erred in failing

560

accurately to name the proper person or persons as judgment debtors. Such an order by a lower court in each instance was totally void, and it seems to us that the testimonial critique of Mr. Burford verged on contempt; instead of being awarded $700 for the ''services,'' of himself and his firm, he should have been reprimanded by the trial court for tendering them.

It will be noted that this court in each of the two cases complied with the requirement set out in rule 26 of the California Rules of Court by making an express direction for costs on appeal, but, under the rule, it was necessary for the probate court of Tulare County, upon the going down of the respective remittiturs, to decide against whom the awards should be effective.

The question persists whether or not the orders of this court awarding costs on appeal to Mrs. Hartman could be circumvented, as was attempted by the lower court through the urging of Mr. Burford, by ordering him as executor or trustee to pay Mrs. Hartman's costs out of the estate or in part out of the trust, thus, in the long run, requiring her to pay to herself her own costs. Such a conception is wholly improper.

When this court awarded Mrs. Hartman her costs on appeal, it obviously did not mean that she should herself pay any part of them to herself either directly or indirectly. The opinion in the *Estate of Williams,* 110 Cal.App.2d 50, 52-55 [242 P.2d 26], holds that when an appellate court awards costs on appeal to one party in such a case as this, it is improper to circumvent such order by permitting recourse to the estate's assets if the indirect result is that the ultimate payment of costs deprives the winning party of her victory as to costs in the litigation. Under no circumstances can the estate or the trust pay the costs awarded to Mrs. Hartman, because then her entitlement to costs would partially be defeated. The payment must come from the respondents, heirs or devisees, or some of them. The failure, contrary to the law, to so order, is the fault of the trial judge improperly induced by Mr. Burford and his law firm.

As the designation of the proper person or persons against whom the judgments for costs on the two appeals should have been entered long ago, the orders of the trial court designating the judgment debtors on the appeal costs must be executed *nunc pro tunc* as of the date on or before which they should have been named, to-wit, 60 days after the filing of the respective costs bills on appeal.

The orders appealed from relative to costs on appeal in cases reported in 212 Cal.App.2d 284 and 230 Cal.App.2d 888, are reversed.

Upon the filing herein of the remittitur in the court below, it is ordered that the Superior Court of Tulare County, without delay, shall advise the attorneys for the respective parties that on a date certain, within a reasonable time thereafter, it will hold a session to determine which of the prospective judgment debtors in the two cases shall pay the respective costs on appeal to Mrs. Hartman pursuant to her cost bills on appeal, less any amounts which may have been paid to her by any of the respondents on said cost bills theretofore and any conceded deductions; that at such hearing, evidence shall be received, if any be offered by the respective parties, as to which person or persons in each of such cases shall be liable, jointly or severally, for the judgments for costs on appeal, and said court shall within a reasonable time thereafter specify the judgment debtor or debtors and completed judgments shall be entered accordingly by the clerk; it is also the express order of this court that, if the judgment debtor or debtors, in either case, shall include Mr. Burford, as executor or trustee or otherwise, he shall not be entitled in turn to recover any part thereof from Mrs. Hartman through the estate or trust or otherwise.

Appellant shall also recover her costs of appeal herein.

Gargano, J., concurred.

Stone, J., being disqualified, did not participate.

A petition for a rehearing was denied March 26, 1968. Stone, J., did not participate therein. The petition of respondent Burford for a hearing by the Supreme Court was denied May 15, 1968.