[L. A. No. 9284. In Bank.—November 23, 1927.]

In the Matter of the Estate of FRED PHILLIPS, Deceased. GEORGE E. MILLS, Appellant, v. KATHRYN PFEIF-FER, Respondent.

[1] Estates of Deceased Persons — Will Contest—Judgment for Costs — Appeal — Presumption.—Where it does not appear from the record that a judgment for costs in favor of the proponent in a will contest was made a part of the judgment admitting the will to probate, it will be assumed that the judgment for costs is separately appealable.

[2] Id. — Premature Award of Costs. — In a will contest a ·judgment allowing costs to the proponent before the judgment in the contest has become final is premature and will be reversed.

(1) 40 Cyc., p. 1358, n. 72. (2) 40 Cyc., p. 1362, n. 96.

APPEAL from a judgment of the Superior Court of Los Angeles County. F. C. Valentine, Judge. Reversed.

The facts are stated in the opinion of the court.

William Ellis Lady for Appellant.

F. E. Oster for Respondent.

THE COURT.—This is an appeal from a judgment for costs entered March 3, 1926, against the contestant, George E. Mills, following a judgment admitting to probate the will of date February 3, 1922, as the last will of the decedent. The contest was determined in the trial court and on appeal in favor of the proponent of the will. (*Estate of Phillips, ante,* p. 490 [261 Pac. 709].) In ordering that said will be admitted to probate, the court further ordered that the proponent recover her costs, and the judgment from which this appeal was taken was entered after the court had retaxed the costs on motion. [1] It does not appear from the record that the judgment for costs was made a part of the judgment admitting the will to probate. It is therefore assumed that said judgment for costs is separately appealable. [2] The proponent concedes that the allow-

ance of costs so made to her was premature and improper in view of the decision of this court in *Estate of Johnson,* 198 Cal. 469 [245 Pac. 1089]. The judgment for costs is therefore reversed.