Filed 4/11/25 Estate of Brazeal CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| Estate of DEWEY MICHAEL BRAZEAL, SR., Deceased. | C100042 |
| CAROLYN PUSCHMAN, as Successor Trustee, etc., <br><br> Petitioner and Respondent, <br><br> v. <br><br> KARI PACE et al., <br><br> Objectors; <br><br> SHAUN SMITH, <br><br> Movant and Appellant. | (Super. Ct. No. 34-2012-00129898-PR-LS-FRC) <br><br> ORDER MODIFYING OPINION AND DENYING REHEARING <br><br> [NO CHANGE IN JUDGMENT] |

1

| CAROLYN PUSCHMAN, as Successor Trustee, etc., | C100045 |
|---|---|
| Plaintiff and Respondent, | (Super. Ct. No. 34-2012-00130013-PR-TR-FRC) |
| v. | |
| KAREN BRAZEAL, as Successor Trustee, etc., et al., | |
| Defendants; | |
| SHAUN SMITH, | |
| Movant and Appellant. | |

THE COURT:

It is ordered that the opinion filed in this case on March 21, 2025, be modified as follows:

1.    In the first full paragraph on page 6, in the fourth sentence beginning "Smith is not a party," add to the end of the sentence "under section 473, subdivision (d)" so the sentence reads:

Smith is not a party to the judgments and has not pointed to authority permitting a nonparty to set aside a judgment or order based on extrinsic evidence under section 473, subdivision (d).

There is no change in the judgment.

Appellant's petition for rehearing is denied.

2

BY THE COURT:

 /s/
ROBIE, Acting P. J.

 /s/
RENNER, J.

 /s/
FEINBERG, J.

Filed 3/21/25  Estate of Brazeal CA3  (unmodified opinion)

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| Estate of DEWEY MICHAEL BRAZEAL, SR., Deceased. | C100042 |
| CAROLYN PUSCHMAN, as Successor Trustee, etc., | (Super. Ct. No. 34-2012-00129898-PR-LS-FRC) |
| Petitioner and Respondent, | |
| v. | |
| KARI PACE et al., | |
| Objectors; | |
| SHAUN SMITH, | |
| Movant and Appellant. | |

1

| | |
|---|---|
| CAROLYN PUSCHMAN, as Successor Trustee, etc.,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KAREN BRAZEAL, as Successor Trustee, etc., et al.,<br><br>Defendants;<br><br>SHAUN SMITH,<br><br>Movant and Appellant. | C100045<br><br>(Super. Ct. No. 34-2012-00130013-PR-TR-FRC) |

In these consolidated appeals, movant and appellant Shaun Smith challenges the trial court's orders denying his motions to set aside judgment in two cases, which determined the ownership of real property located in Elk Grove (Elk Grove property). The petitions in the underlying cases did not name Smith, or his limited liability company STS Integrity, LLC (Integrity), as a party; he was not served with the petitions; and the judgments do not name him as a party nor were the notices of entry of judgment served on him.

On appeal, Smith argues the trial court erred by finding the judgments were valid on their face and his motions were untimely. He also challenges the trial court's failure to expunge a judgment and notices of pendency of action from the Elk Grove property's chain of title. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

Monna Sue Ayers owned various real and personal property her son Dewey Michael Brazeal, Sr., transferred to himself or his own trust prior to his death. In

---

[1] Puschman's requests for judicial notice of the appellate records in each case are denied as moot given the appeal in the probate action was consolidated with the appeal in

2

September 2012, after Brazeal's death, the conservator of Ayers's estate and successor trustee of her trust, Carolyn Puschman, sought return of Ayers's various property, including the Elk Grove property, by filing two petitions, one pertaining to Brazeal's estate (probate action) and the other pertaining to his trust (trust action).**2** In both actions, Puschman requested the court to determine ownership of all disputed property. The actions did not name Smith or Integrity as parties or list them as persons known to claim an interest in the Elk Grove property.

In July 2013, Puschman recorded a notice of pendency of action, i.e., lis pendens, against the Elk Grove property. She filed an amended notice of pendency of action in August 2013. Both notices were served on parties to the actions and Integrity in care of Devera Brown. A different address from the notice was listed for Integrity in the amended notice.

In April 2014, the court issued an order approving the creditor's claim in the probate action. In January 2015, the court issued an order approving the petition in the trust action. Both orders provided the Elk Grove property belonged to Ayers. The orders did not name Smith or Integrity as a party, nor were the notices of entry of judgment served on Smith or Integrity.

In 2023, Smith filed a motion to set aside and void judgment in both actions. In the trust action, he also requested the court to expunge the notices of pendency of action from the Elk Grove property's chain of title. Smith argued in the motions and supporting declarations that Integrity bought the Elk Grove property from the successor of Brazeal's

the trust action and those records are before us. Puschman's requests for judicial notice of Smith's second amended complaint in a civil action filed against Puschman, as well as his verified responses to requests for admissions in that action, are denied as irrelevant.

**2**    In the probate action, objectors are Dewey's daughter and son. In the trust action, defendants are the successor trustee of Brazeal's trust, along with his daughter and son. They are not parties to these appeals.

estate in March 2013, recorded its interest in June 2013, and later conveyed the Elk Grove property to other people. Smith further argued that, before full interest in the property was conveyed by Integrity, judgment was entered without naming Integrity as a party despite Integrity's recorded interest in the Elk Grove property and Puschman's knowledge Integrity owned the Elk Grove property. Consequently, Smith argued, the orders are void. Smith further argued in the trust action that the notices of pendency of action contained an inaccurate address for service of Integrity and are thus void as well.

Puschman opposed the motion, arguing the orders were valid on their face and Smith's motions were untimely. The court agreed with Puschman and denied Smith's motions.

Smith appeals.

DISCUSSION

Smith contends the orders approving the petition in the trust action and creditor's claim in the probate action are void on their face because Integrity was not named in the actions despite being the legal owner of the property at the time of judgment and Puschman's knowledge of Integrity's ownership. We disagree.

" ' "It is well settled that a judgment or order [that] is void on its face, and [that] requires only an inspection of the judgment-roll or record to show its invalidity, may be set aside on motion, at any time after its entry, by the court [that] rendered the judgment or made the order. [Citations.]" [Citations.]' [Citation.] ' "A judgment absolutely void may be attacked anywhere, directly or collaterally whenever it presents itself, either by parties or strangers. It is simply a nullity, and can be neither a basis nor evidence of any right whatever." ' " (*Tearlach Resources Limited v. Western States Internat., Inc.* (2013) 219 Cal.App.4th 773, 779.) "A . . . judgment is void if the trial court lacked jurisdiction over the parties or the subject matter of the complaint or if the complaint failed to 'apprise[] the defendant of the nature of the plaintiff's demand,' or if the court granted relief which it had no power to grant." (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823,

4

830, fn. omitted.) We review de novo a trial court's ruling on whether a judgment is void. (*Talley v. Valuation Counselors Group, Inc.* (2010) 191 Cal.App.4th 132, 146; *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 496.)

The problem with Smith's contention is that the evidence supporting the argument is not contained in the judgment rolls but is in declarations Smith provided as part of his motions to set aside the orders. The judgment rolls include Puschman's petitions, which named parties who were served with notice and named in the judgments. Smith does not argue the judgment rolls demonstrate the court lacked jurisdiction over the parties or that the complaint failed to provide sufficient notice of the damages sought. Smith's argument rests on the fact the trust action judgment roll contains notices of pendency of action regarding the Elk Grove property served on Integrity, and thus Integrity should have been included as a party. There is nothing about Integrity's service of the notices of pendency of action, however, that in and of itself undermines the orders. This is true regardless of the statutory reasons a person must be served with a notice of pendency of action. The fact remains that the judgment rolls do not indicate why Integrity was served or its role in the Elk Grove property. Smith does not point to any authority concluding an order pertaining to a property is void because a nonparty was served with a notice of pendency of action pertaining to that same property. Thus, Smith has not demonstrated the judgments are void on their face.

Smith also argues the amended notice of pendency of action is void on its face because it contains an inaccurate address for Integrity and an unknown individual as the person to be served. But while judgments and orders can be attacked at any time as void, a notice of pendency of action is not an order or a judgment. (Code of Civ. Proc.,[3] § 405.21 [to file a notice of pendency of action, an attorney must sign the notice, or, in

---

[3]     Further undesignated section references are to the Code of Civil Procedure.

5

the case of a party acting in propria persona, a judge must approve the notice].)  Thus, Smith cannot demonstrate he is entitled to expungement of the notices of pendency of action through a collateral attack such as the one he mounts here.  To the extent Smith's motions can be read as motions to expunge the notice of pendency of action, an order granting or denying expungement is not an appealable order, and thus we lack jurisdiction to entertain Smith's arguments in that context.  (§ 405.39 [found in the chapter that governs motions to expunge a notice of pendency of action and states, "No order or other action of the court under this chapter shall be appealable"].)

Smith seemingly contends he can rely on section 473, subdivision (d) to demonstrate the judgments are void.  Section 473, subdivision (d) contains no time limit and permits a party to rely on extrinsic evidence to demonstrate a judgment is void.  (*Cal. Capital Ins. Co. v. Hoehn* (2024) 17 Cal.5th 207, 593.)  The problem with Smith's reliance on section 473, subdivision (d) is that the plain language of the statute provides that only a party to the judgment may file such a motion.  (§ 473, subd. (d) ["The court may . . . on motion of either party after notice to the other party, set aside any void judgment or order"]; see *Cal. Capital*, at pp. 596-598 [recounting the history of § 473 and a party's right to set aside void judgments through the presentation of extrinsic evidence].)  Smith is not a party to the judgments and has not pointed to authority permitting a nonparty to set aside a judgment or order based on extrinsic evidence.  (See, e.g., *Marlenee v. Brown* (1943) 21 Cal.2d 668, 670-671 [executrix of the estate sought to invalidate a court order affirming sale of probate property]; *Estate of Johnson* (1926) 198 Cal. 469, 469-470, 472 [unaggrieved defendant was permitted to challenge cost award as void on its face]; *Moore v. Kaufman* (2010) 189 Cal.App.4th 604, 614-616 [a nonparty was permitted to challenge an order awarding attorney fees as void on its face]; *Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1244-1246 [involving a matter wherein the defendants moved under § 473 to set aside a default judgment for lack of personal jurisdiction]; *Heidary v. Yadollahi* (2002) 99 Cal.App.4th 857, 859 [the

6

defendants named in a default judgment were permitted to challenge the judgment as void on its face].) Because the judgments are facially valid and Smith is a nonparty to the underlying actions, the trial court did not err by denying Smith's motions to set aside the judgment or order.

## DISPOSITION

The orders denying Smith's motions to set aside the judgment are affirmed. Puschman is awarded costs on appeal. (Cal. Rules of Court, rule 8.278(a)(4).)


/s/_____
ROBIE, Acting P. J.


We concur:


/s/_____
RENNER, J.


/s/_____
FEINBERG, J.

7